IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KONSTANTINOS VADEVOULIS, JIM
VADEVOULIS, and PAUL VADEVOULIS,

                Plaintiffs,

    v.

DEUTSCHE BANK AG, DEUTSCHE BANK
SECURITIES, INC., D/B/A DEUTSCHE BANK
ALEX. BROWN, and AMERICAN EXPRESS
TAX AND BUSINESS SERVICES, INC., N/K/A
RSM MCGLADREY LLC,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 08 C 1251

Hon. Joan H. Lefkow

**DEUTSCHE BANK AG AND DEUTSCHE BANK SECURITIES INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
<u>PLAINTIFFS' COMPLAINT</u>**

| | |
|---|---|
| Erin L. Ziaja (ID # 6278775) | Seth C. Farber (*pro hac vice* admission pending) |
| DEWEY & LeBOEUF LLP | DEWEY & LeBOEUF LLP |
| Two Prudential Plaza, Suite 3700 | 1301 Avenue of the Americas |
| 180 North Stetson Avenue | New York, New York 10019-6092 |
| Chicago, Illinois 60601 | Telephone: (212) 259-8000 |
| Telephone: (312) 794-8000 | Facsimile: (212) 259-6333 |
| Facsimile: (312) 794-8100 | |

*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.*

## TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** .................................................................................................. ii

**PRELIMINARY STATEMENT** ............................................................................................1

**STATEMENT OF FACTS** .....................................................................................................1

**ARGUMENT** .........................................................................................................................3

I. **ALL OF PLAINTIFFS' CLAIMS ARE DEFICIENT AS A MATTER OF LAW** .........................................................................................................3

    A. **New York Law Applies** ...................................................................................3

    B. **Plaintiffs' Own Representations Defeat Their Claims for Negligent Misrepresentation And Common Law Fraud** ........................4

    C. **Plaintiffs' Claim For Assisting in the Breach of Fiduciary Duty Should Be Dismissed** ...........................................................................7

    D. **The Complaint Does Not State A Claim For Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act** .........8

    E. **The Complaint Fails To State A Claim For Civil Conspiracy** ...............9

II. **NONE OF PLAINTIFFS' CLAIMS SATISFIES RULE 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE** ...................................................9

III. **THE MAJORITY OF PLAINTIFFS' CLAIMS ARE TIME-BARRED** ...........................................................................................................11

**CONCLUSION** ....................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Intralinks, Inc*,
   No. 03 Civ. 5384 SAS, 2004 WL 1627313 (S.D.N.Y. July 20, 2004) .............................7

*Amakua Dev. LLC v. Warner*,
   411 F. Supp. 2d 941 (N.D. Ill. 2006) ..............................................................................4

*Atkins Nutritionals, Inc. v. Ernst & Young, LLP*,
   754 N.Y.S.2d 320 (N.Y. App. Div. 2003) ......................................................................5

*BFS Morgan Investors, LLC v. Deutsche Bank AG*,
   No. 27CV05-11478, slip op. (Minn. Dist. Ct. Aug. 16, 2006) ................................ 5-6, 9

*Brasseur v. Speranza*,
   800 N.Y.S.2d 669 (N.Y. App. Div. 2005) ......................................................................8

*Conwill v. Arthur Andersen LLP*,
   820 N.Y.S.2d 842, 2006 WL 1703621 (N.Y. Sup. Ct. June 21, 2006) ...........................7

*Didomenico v. Long Beach Plaza Corp.*,
   No. 3020/03, 2003 WL 22762712 (N.Y. Sup. Ct. Oct. 28, 2003) ...................................6

*DiLeo v. Ernst & Young*,
   901 F.2d 624 (7th Cir. 1990) ........................................................................................10

*Duggal v. St. Regis Hotel*,
   695 N.Y.S.2d 602 (N.Y. App. Div. 1999) ......................................................................8

*Elghanian v. Harvey*,
   671 N.Y.S.2d 266 (N.Y. App. Div. 1998) ......................................................................6

*First Midwestern Bank v. Stewart Title Guar. Co.*,
   843 N.E.2d 327 (Ill. 2006) ..............................................................................................5

*In re Gaslight Club, Inc.*,
   167 B.R. 507 (Bankr. N.D. Ill. 1994) ...........................................................................12

*Giraldo v. Rossberg*,
   747 N.Y.S.2d 78 (N.Y. App. Div. 2002) ........................................................................8

*Goodman Mfg. Co. v. Raytheon Co.*,
   No. 98 Civ. 2774 (LAP), 1999 WL 681382 (S.D.N.Y. Aug. 31, 1999) ...................... 4-5

*Grumman Allied Indus. Inc. v. Rohr Indus., Inc.*,
    748 F.2d 729 (2d Cir. 1984)..................................................................................................6

*Halim v. Great Gatsby's Auction Gallery, Inc.*,
    516 F.3d 557 (7th Cir. 2008) ................................................................................................1

*High Rd. Holdings, LLC v. Ritchie Bros. Auctioneers (Am.)*,
    No. 1:07-cv-4590, 2008 WL 450470 (N.D. Ill. Feb. 15, 2008)......................................10

*Highsmith v. Chrysler Credit Corp.*,
    18 F.3d 434 (7th Cir. 1994) ................................................................................................11

*Hutton v. Deutsche Bank AG*,
    No. 07-2041-JTM, 2008 WL 795746 (D. Kan. Mar. 24, 2008) .....................................13

*King v. Deutsche Bank AG*,
    No. 04-1029-HU, slip op. (D. Or. Sept. 12, 2005) (Findings
    & Recommendation), *adopted in King v. Deutsche Bank AG*,
    No. 04-1029, slip op. (D. Or. Feb. 1, 2006).......................................................................7

*Klamath Strategic Inv. Fund v. United States*,
    440 F. Supp. 2d 608 (E.D. Tex. 2006)...............................................................................13

*Knox College v. Celotex Corp. et al.*,
    430 N.E.2d 976 (Ill. 1982)..............................................................................................11, 12

*Kolbeck v. LIT Am., Inc.*,
    939 F. Supp. 240 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998).......................7, 8

*Lewis v. Rosenfeld*,
    138 F. Supp. 2d 466 (S.D.N.Y. 2001), *amended on other grounds on
    reconsideration*, 145 F. Supp. 2d 341 (S.D.N.Y. 2001) ....................................................9

*M. Block & Sons, Inc. v. Int'l Bus. Machs. Corp.*,
    No. 04 C 340, 2004 WL 1557631 (N.D. Ill. July 8, 2004) ...............................................8

*McCready v. eBay, Inc.*,
    453 F.3d 882 (7th Cir. 2006) ................................................................................................3

*McWane, Inc. v. Crow Chicago Indus., Inc.*,
    224 F.3d 582 (7th Cir. 2000) ........................................................................................ 11-12

*In re Merrill Lynch & Co., Inc.*,
    289 F. Supp. 2d 429 (S.D.N.Y. 2003)................................................................................13

*Milnes v. Hunt*,
    725 N.E.2d 779 (Ill. App. 2000) ........................................................................................11

*Muehlbauer v. Gen. Motors*,
    431 F. Supp. 2d 847 (N.D. Ill. 2006) ...............................................................................10

*Nigerian Nat'l Petroleum Corp. v. Citibank, N.A.*,
    No. 98 Civ. 4960 (MBM), 1999 WL 558141 (S.D.N.Y. July 30, 1999) ..........................7

*Oei v. Citibank, N.A.*,
    957 F. Supp. 492 (S.D.N.Y. 1997) ....................................................................................6

*Old Republic Nat'l Title Ins. Co. v. Cardinal Abstract Corp.*,
    790 N.Y.S.2d 143 (N.Y. App. Div. 2005) .......................................................................6

*Palmer Ventures, LLC v. Deutsche Bank AG*,
    No. 04-706-JJB-DLD, 2008 U.S. Dist. LEXIS 35738 (M.D. La. Apr. 29,
    2008) ...............................................................................................................................10

*Peregrine Emerging CTA Fund, LLC v. Tradersource, Inc.*,
    No. 07C5528, 2008 WL 474369 (N.D. Ill. Feb. 19, 2008) ..........................................3, 4

*Premier Capital Mgmt., LLC v. Cohen*,
    No. 02 C 5368, 2008 U.S. Dist. LEXIS 23368 (N.D. Ill. Mar. 24, 2008) .......................7

*Rich v. Maidstone Fin., Inc.*,
    No. 98 Civ. 2569 (DAB), 2001 WL 286757 (S.D.N.Y. Mar. 23, 2001) .........................5

*Rissman v. Rissman*,
    213 F.3d 381 (7th Cir. 2000) ............................................................................................6

*Rockford Mem'l Hosp. v. Havrilesko*,
    368 Ill. App. 3d 115 (Ill. App. Ct. 2006) ..........................................................................9

*Sears v. Likens*,
    912 F.2d 889 (7th Cir. 1990) ..........................................................................................10

*Seippel v. Sidley Austin Brown & Wood LLP*,
    399 F. Supp. 2d 283 (S.D.N.Y. 2005) ............................................................................14

*Sharp Int'l Corp. v. State St. Bank & Trust Co.*,
    403 F.3d 43 (2d Cir. 2005) ...............................................................................................7

*Stutts v. De Dietrich Group*,
    No. 03-CV-4058 (ILG), 2006 WL 1867060 (E.D.N.Y. June 30, 2006) ..........................8

*Tayebi v. KPMG LLP et al.*,
    No. 105471/07, 2008 WL 518149 (N.Y. Sup. Ct. Feb. 20, 2008) .................................13

*Telular Corp. v. Mentor Graphics Corp.*,
    282 F. Supp. 2d 869 (N.D. Ill. 2003) ...............................................................................8

*Time Savers, Inc. v. LaSalle Bank, N.A.*,
    863 N.E.2d 1156 (Ill. App. 2007) ....................................................................... 5, 9

*Tirapelli v. Advanced Equities, Inc.*,
    813 N.E.2d 1138 (Ill. App. 2004) ............................................................................. 6

*U.S. Textiles, Inc. v. Anheuser-Busch Cos., Inc.*,
    911 F.2d 1261 (7th Cir. 1990) ................................................................................. 11

*United Safety of Am., Inc. v. Consol. Edison Co. of New York, Inc.*,
    623 N.Y.S.2d 591 (N.Y. App. Div. 1995) ................................................................. 5

*Veal v. First Am. Savs. Bank v. Sec. Savs. & Loan Ass'n*,
    914 F.2d 909 (7th Cir. 1990) ............................................................................... 9-10

*Vicom, Inc. v. Harbridge Merchant Servs., Inc.*,
    20 F.3d 771 (7th Cir. 1994) ..................................................................................... 10

*Waters v. Reingold*,
    663 N.E.2d 126 (Ill. App. 1996), *abrogated on other grounds*,
    *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 694 N.E.2d
    562 (Ill. 1998) .......................................................................................................... 12

*Wolf v. Liberis*,
    505 N.E.2d 1202 (Ill. App. 1987) .............................................................................. 8

## Statutes and Rules

26 C.F.R. § 601.601 ......................................................................................... 13-14

735 Ill. Comp. Stat. Ann. 5/13-205 .................................................................... 11

815 Ill. Comp. Stat. Ann. 505/10a(e) .................................................................. 11

Fed. R. Civ. P. 9 ............................................................................................ 1, 9-11

Fed. R. Civ. P. 12 ................................................................................................... 1

IRS Announcement 2002-2, 2002-2 I.R.B. 304, 2002-1 C.B. 304,
    2001 WL 1637819 (IRS Ann.) .......................................................................... 3, 12

Defendants Deutsche Bank AG and Deutsche Bank Securities Inc. (collectively, "Deutsche Bank") hereby move to dismiss Plaintiffs' Complaint (the "Complaint" or "Compl.") pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Plaintiffs are sophisticated and successful businessmen who, on the advice of their legal advisors, undertook a tax strategy (the "Strategy") to avoid tax liability from windfall profits they made by selling their business in 2000. As part of the Strategy, Plaintiffs engaged in arms-length business transactions (the "Transactions") with Deutsche Bank involving foreign exchange options. Deutsche Bank executed the Transactions pursuant to Plaintiffs' instructions and acted as counterparty.

Plaintiffs initially claimed huge tax savings from the Strategy, but now that these tax savings have been challenged by the Internal Revenue Service ("IRS"), Plaintiffs assert that they were misled not only by their attorneys and other advisors who introduced them to and advised them regarding the Strategy, but also by Deutsche Bank – a claim that is plainly untenable because the Plaintiffs expressly acknowledged at the time of the Transactions that they were not relying on Deutsche Bank for advice. Nonetheless, Plaintiffs now sue Deutsche Bank for (i) civil conspiracy; (ii) common law fraud; (iii) negligent misrepresentation; (iv) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act; and (v) assisting in the breach of fiduciary duty. These claims are not only deficient as a matter of law and not pled sufficiently pursuant to Rule 9(b), but most are also time-barred. The Plaintiffs were on notice of their potential claims long ago but waited to file this action until more than a year after the statutes of limitation governing most of them had expired. Accordingly, the Complaint should be dismissed.

## STATEMENT OF FACTS

Plaintiffs Konstantinos Vadevoulis, Jim Vadevoulis, and Paul Vadevoulis sold their company, LaFrancaise Bakery, Inc., in December 2000 and, as a result, anticipated large capital gains for the tax year 2000. Compl. ¶¶ 69, 70. To avoid paying taxes on those gains,

---

[1] Deutsche Bank reserves its right to compel arbitration pursuant to the arbitration agreements it has with Plaintiffs in the event that the Court determines that Plaintiffs' allegations state a claim for which relief may be granted. *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008) ("This Court has explicitly held that simply moving to dismiss a case does not waive one's right to arbitrate.").

Plaintiffs sought tax advice from Jenkens & Gilchrist ("Jenkens") and, at its recommendation, undertook the Strategy and claimed tax losses for the 2000 tax year. *See id.* ¶¶ 70, 72.

In connection with the Strategy, Plaintiffs opened accounts with Deutsche Bank and formed entities to purchase and transfer the digital options. *See id.* ¶¶ 21-26, 77-78, 80. The terms of the digital options were set forth in written agreements with Deutsche Bank (the "Confirmations"). *See, e.g., id.* ¶¶ 2, 117. In these Confirmations, Plaintiffs represented to Deutsche Bank that they were entering into the Transactions based upon their own independent decisions, that they were not relying upon any communication by Deutsche Bank as advice or a recommendation to enter into the Transactions, and that Deutsche Bank was not acting as an advisor or fiduciary to Plaintiffs. Specifically, Plaintiffs represented:

> **Non-Reliance**. [Plaintiffs are] acting for [their] own account, and [they] ha[ve] made [their] own independent decisions to enter into this Transaction and as to whether the Transaction is appropriate or proper for [them] based upon [their] own judgment and upon advice from such advisers as [they] ha[ve] deemed necessary. **[They are] not relying on any communication (written or oral) of [Deutsche Bank] including any affiliate or subsidiary thereof as investment advice or as a recommendation to enter into this Transaction**, it being understood that information and explanations related to the terms and conditions of this Transaction shall not be considered to be investment advice or a recommendation to enter into the Transaction. No communication (written or oral) received from [Deutsche Bank] shall be deemed to be an assurance or guarantee as to the expected results of this Transaction.
>
> Assessment and Understanding. [Plaintiffs are] capable of assessing the merits of and understanding (on [their] own behalf or through independent professional advice), and understand[] and accept[] the terms and conditions and risks of this Transaction. [Plaintiffs are] also capable of assuming, and assume[], the risks of this Transaction.
>
> Status of Parties. **[Deutsche Bank] is not acting as a fiduciary for or adviser to [Plaintiffs] in respect of this Transaction.**

Confirmations of V1 Investments LLC (signed by Dino Vadevoulis), V2 Investments LLC (signed by Paul Vadevoulis), and V3 Investments LLC (signed by Jim Vadevoulis) ¶ 3, attached as Exhibits 1-3 (emphasis added).[2]

After implementing the Strategy, Plaintiffs allegedly received an opinion letter

---

[2] Through their respective single member LLCs (TR1 Investments LLC, TR2 Investments LLC and TR3 Investments LLC), the Dino Vadevoulis Descendants Trust, the Paul Vadevoulis Descendants Trust, and the Jim Vadevoulis Descendants Trust also executed Confirmations, attached as Exhibits 4-6.

2

from Jenkens confirming the propriety of claiming losses resulting from the Strategy. *See* Compl. ¶¶ 57, 63. Accordingly, American Express Tax and Business Services, Inc. ("Amex") filed Plaintiffs' tax returns for the 2000 tax year claiming such losses. *See id.* ¶¶ 84-85.

In December 2001, the IRS announced a "tax amnesty program" in Announcement 2002-2, 2002-2 I.R.B. 304, 2002-1 C.B. 304, 2001 WL 1637819 (IRS Ann.), pursuant to which taxpayers who voluntarily disclosed their participation in tax shelters could avoid penalties for underpayment of taxes without conceding liability for back taxes or interest. *See* Compl. ¶ 86. Notwithstanding this initiative, Plaintiffs did not disclose their participation in the Strategy. Indeed, Plaintiffs remained silent regarding the Strategy until 2004 when they were audited and notified that "there may be a problem with respect to their tax strategies." *Id.* ¶ 90. Plaintiffs ultimately agreed to pay back taxes, interest, and penalties to the IRS pursuant to IRS settlement initiative 2004-46. *See id.* ¶¶ 8, 91-92. The settlement was purportedly finalized on April 15, 2005, *see id.* ¶ 92, but Plaintiffs did not file the lawsuit until February 28, 2008.

## ARGUMENT

### I. ALL OF PLAINTIFFS' CLAIMS ARE DEFICIENT AS A MATTER OF LAW

#### A. New York Law Applies

As an initial matter, New York law governs Plaintiffs' claims because various documents executed as part of the Strategy – including the account agreements Plaintiffs entered into with Deutsche Bank ("Account Agreements") and the Confirmations[3] – contain New York choice of law clauses.[4] Illinois courts generally give effect to contractual choice of law provisions. *See, e.g.*, *Peregrine Emerging CTA Fund, LLC v. Tradersource, Inc.*, No. 07C5528, 2008 WL 474369, at *3 (N.D. Ill. Feb. 19, 2008) ("Under Illinois choice of law, when the intent of the parties is expressed in a governing law provision of the contract, that state's substantive

---

[3] The Court may consider these documents on this motion to dismiss without converting the motion into one for summary judgment because they are referred to in the Complaint and are central to Plaintiffs' claims. *See McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); Compl. ¶¶ 2, 66, 77, 78, 117, 156 (alleging, among other things, that "[e]ach time Deutsche Bank sent out a *trade confirmation* or *account statement*, Deutsche Bank reinforced this false statement.") (emphasis added).

[4] *See* Account Agreements ¶ 20 ("This Agreement shall be deemed to have been made in the State of New York and shall be construed, and the rights of the parties determined, in accordance with the laws of the State of New York and the United States, as amended, without giving effect to the choice of law or conflict-of-laws provisions thereof."), attached as Exhibits 7-14; Confirmations ¶ 4 ("the governing law is New York law."), Exs. 1-6.

3

law would apply as intended by the parties.").

These provisions apply not only to contract claims arising from the agreements, but also to Plaintiffs' tort claims. Under Illinois law, "regardless of the breadth of the choice of law provision, tort claims that are dependent upon the contract are subject to a contract's choice of law provisions." *Amakua Dev. LLC v. Warner*, 411 F. Supp. 2d 941, 955 (N.D. Ill. 2006). In deciding whether a tort claim is dependent upon a contract, courts examine whether: "(1) the claim alleges a wrong based on the construction and interpretation of the contract; (2) the tort claim is closely related to the parties' contractual relationship; or (3) the tort claim could not exist without the contract." *Id.* Here, Plaintiffs' tort claims are clearly dependent on the Account Agreements and Confirmations. Indeed, Plaintiffs allege that the Account Agreements and Confirmations were central to the alleged fraud. *See, e.g.*, Compl. ¶ 117 ("On numerous occasions, including through the use of *trade confirmations* and *monthly account statements*, the Deutsche Bank defendants conveyed that the transactions underlying Son of BOSS were valid, legitimate, purposeful, suitable for the Vadevoulises, and had a reasonable prospect of profit.") (emphasis added). Moreover, because Plaintiffs' relationship with Deutsche Bank stems from the Account Agreements and Confirmations, Plaintiffs' tort claims would not exist had these contracts not been executed. Accordingly, New York law applies to all of the claims asserted against Deutsche Bank.[5]

### B. Plaintiffs' Own Representations Defeat Their Claims for Negligent Misrepresentation And Common Law Fraud

To state a claim for negligent misrepresentation under New York law, a plaintiff must allege that (1) the parties stood in a special relationship such that the defendant had a duty of care to render accurate information; (2) the defendant negligently provided incorrect information; and (3) the plaintiff reasonably relied on the incorrect information. *See Goodman Mfg. Co. v. Raytheon Co. L.P.*, No. 98 Civ. 2774 (LAP), 1999 WL 681382, at *14 (S.D.N.Y.

---

[5] *See Peregrine*, 2008 WL 474369, at *4 (applying Delaware law to negligence claim after finding that "by specifically asserting that Delaware law should apply to the contract, the parties were centering their contractual relationship in the state of Delaware. Therefore, Delaware would have the greatest interest in the contractual relationship between [the plaintiff] and Defendants and Delaware substantive law should be applied . . . ."); *Amakua*, 411 F. Supp. 2d at 956 (applying California law chosen by the parties where the plaintiff's fraud claim was dependent on the parties' agreement). In any event, as noted throughout, dismissal is warranted under either New York or Illinois law, which would apply in the absence of the choice of law provisions.

Aug. 31, 1999); *see also United Safety of Am., Inc. v. Consol. Edison Co. of New York, Inc.*, 623 N.Y.S.2d 591, 593 (N.Y. App. Div. 1995) ("[a] claim for negligent misrepresentation can only stand in the presence of a special relationship of trust or confidence, which creates a duty for one party to impart correct information to another"). To state a claim for fraud under New York law, a plaintiff must allege (1) a misrepresentation or omission of a material fact, (2) the defendant's intent to deceive, (3) justifiable reliance, and (4) injury caused to the plaintiff by the defendant's misrepresentation or omission. *See Rich v. Maidstone Fin., Inc.*, No. 98 Civ. 2569 (DAB), 2001 WL 286757, at *11 (S.D.N.Y. Mar. 23, 2001).[6] Plaintiffs' own representations preclude them from showing either a special relationship with Deutsche Bank or that they reasonably relied on Deutsche Bank, and, therefore, their negligent misrepresentation and fraud claims should be dismissed.

First, Plaintiffs expressly represented that they were "acting for [their] own account" and that Deutsche Bank was "not acting as a fiduciary for or adviser to [Plaintiffs] in respect of this Transaction." *See* Confirmations ¶ 3, Exs. 1-3. Having made these clear and unambiguous representations, Plaintiffs cannot now argue the exact opposite, *i.e.* that they had a special relationship with Deutsche Bank imbued with duties under the law.[7] Moreover, even if Plaintiffs had not made these representations, their claim for negligent misrepresentation would fail because a conventional business transaction borne out of contracts, such as the one between Plaintiffs and Deutsche Bank, does not, as a matter of law, give rise to a "special relationship" that would create a duty of disclosure. *See Atkins Nutritionals, Inc. v. Ernst & Young, LLP*, 754 N.Y.S.2d 320, 322 (N.Y. App. Div. 2003) (dismissing negligent misrepresentation claim due to "lack of a special relationship distinct from and independent of the contract" in an "arms-length business relationship").[8]

---

[6] The elements of negligent misrepresentation and common law fraud under Illinois law are similar. *See First Midwestern Bank v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 332 (Ill. 2006) (negligent misrepresentation); *Time Savers, Inc. v. LaSalle Bank, N.A.*, 863 N.E.2d 1156, 1167 (Ill. App. 2007) (common law fraud).

[7] Notably, although Plaintiffs make blanket allegations regarding "Defendants[']" duties generally, *see, e.g.*, Compl. ¶ 126, there is not a single particularized allegation regarding a special relationship between Deutsche Bank and Plaintiffs. *See* discussion *infra*, Section II.

[8] *See also BFS Morgan Investors, LLC v. Deutsche Bank AG*, No. 27CV05-11478, slip op. at 7-8 (Minn. Dist. Ct. Aug. 16, 2006) ("In [the plaintiff's] complaint there are numerous assertions that Defendant[] Deutsche Bank acted as Plaintiff's investment advisor. However,

Second, Plaintiffs also represented in writing that:

> [Plaintiffs are] not relying on any communication (written or oral) of [Deutsche Bank] including any affiliate or subsidiary thereof as investment advice or as a recommendation to enter into [the] Transaction, it being understood that information and explanations related to the terms and conditions of [the] Transaction shall not be considered to be investment advice or a recommendation to enter into the Transaction.

Confirmations, ¶ 3, Exs. 1-3. Given these representations, if Plaintiffs relied on any statements or omissions[9] by Deutsche Bank, that reliance would be unreasonable as a matter of law. "Where a party specifically disclaims reliance upon a representation in a contract, that party cannot, in a subsequent action for fraud, assert it was fraudulently induced to enter into the contract by the very representation it has disclaimed." *Grumman Allied Indus. Inc. v. Rohr Indus., Inc.*, 748 F.2d 729, 734 (2d Cir. 1984).[10] Thus, because Plaintiffs cannot establish either a special relationship with Deutsche Bank or justifiable reliance, their fraud and negligent

---

these assertions are conclusory, unsupported by underlying facts, and directly contradict the signed representations[, which are identical to those made by the Vadevoulises in the Confirmations,] made by Plaintiff . . . . The transactions between Plaintiff . . . and Defendant[] Deutsche Bank were sophisticated, intricate, lucrative business dealings. . . . [T]his court concludes these FX contracts exemplify the arms-length business negotiations that do not give rise to a fiduciary relationship."), attached as Exhibit 15; *Old Republic Nat'l Title Ins. Co. v. Cardinal Abstract Corp.*, 790 N.Y.S.2d 143, 145 (N.Y. App. Div. 2005) (dismissing negligence claim because complaint failed to allege breach of a duty independent of any purported contractual obligation); *Didomenico v. Long Beach Plaza Corp.*, No. 3020/03, 2003 WL 22762712, at *2 (N.Y. Sup. Ct. Oct. 28, 2003) (dismissing negligence claim for lack of an "extra-contractual duty" given "arms-length business relationship").

[9] To the extent Plaintiffs' fraud and negligent misrepresentation claims are predicated on alleged omissions, *see, e.g.*, Compl. ¶¶ 117-20, 122-23, 127-31, 133-34, the claims are similarly deficient. A defendant is not liable for an omission unless it has a duty to speak. *See Oei v. Citibank, N.A.*, 957 F. Supp. 492, 519 (S.D.N.Y. 1997); *Elghanian v. Harvey*, 671 N.Y.S.2d 266, 266 (N.Y. App. Div. 1998). Because, as set forth earlier in this Section, no special relationship existed between Plaintiffs and Deutsche Bank, Deutsche Bank had no such duty to speak and therefore cannot be liable for any alleged omissions.

[10] This is true under Illinois law as well. *See Rissman v. Rissman*, 213 F.3d 381, 384, 385 (7th Cir. 2000) ("a written anti-reliance clause precludes any claim of deceit by prior representations . . . . If as [the plaintiff] says the extent of his reliance is a jury question even after he warranted his non-reliance, then the clause has been nullified . . . ."); *Tirapelli v. Advanced Equities, Inc.*, 813 N.E.2d 1138, 1144 (Ill. App. 2004) ("Having agreed in writing that they did not rely on any representations found outside the subscription documents, plaintiffs cannot be allowed to argue fraud based on such representations.").

6

misrepresentation claims fail.[11]

### C. Plaintiffs' Claim For Assisting in the Breach of Fiduciary Duty Should Be Dismissed

Plaintiffs also allege that Deutsche Bank assisted in Jenkens' and Amex's alleged breaches of their fiduciary duties. *See* Compl. ¶¶ 151-59. In order to state a claim for assisting a breach of fiduciary duty, a plaintiff must allege (1) a breach by a fiduciary of obligations to another, (2) knowing participation by the defendant in the breach, and (3) damages to the plaintiff. *See Kolbeck v. LIT Am., Inc.*, 939 F. Supp. 240, 245 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998); *Nigerian Nat'l Petroleum Corp. v. Citibank, N.A.*, No. 98 Civ. 4960 (MBM), 1999 WL 558141, at *8 (S.D.N.Y. July 30, 1999).[12]

To state such a claim against Deutsche Bank, Plaintiffs must allege that Deutsche Bank "knowingly participated" in another's breach of its fiduciary duty, which requires allegations of both actual knowledge and substantial assistance.[13] Plaintiffs properly allege neither.

First, because Plaintiffs' assisting a breach of fiduciary duty claim is based upon allegations that Deutsche Bank "knew or should have known" that the Strategy was improper, *see, e.g.*, Compl. ¶¶ 83, 127, 129, the claim should be dismissed because it does not allege actual

---

[11] *See Conwill v. Arthur Andersen LLP*, 820 N.Y.S.2d 842, 2006 WL 1703621, at *11 (N.Y. Sup. Ct. June 21, 2006) (holding, in dismissing claims stemming from the implementation of another tax strategy, that similar representation language contained in contracts plaintiffs executed with an investment bank "provide[s] a complete defense to any claims that require a finding of representations, reliance or fiduciary duty"); *King v. Deutsche Bank AG*, No. 04-1029-HU, slip op. at 24 (D. Or. Sept. 12, 2005) (Findings & Recommendation), *adopted in King v. Deutsche Bank AG*, No. 04-1029, slip op. (D. Or. Feb. 1, 2006) (dismissing fraud claim under Oregon law where confirmations containing representation language identical to that in Plaintiffs' Confirmations "directly contradict the . . . plaintiffs' allegations of reliance on statements or advice made by the Deutsche defendants"), attached as Exhibit 16; *see also Adams v. Intralinks, Inc.*, No. 03 Civ. 5384 SAS, 2004 WL 1627313, at *7 (S.D.N.Y. July 20, 2004) (no reasonable reliance where alleged oral misrepresentations were contradicted by the terms of a written agreement between the parties).

[12] The elements of an assisting a breach of fiduciary duty claim are similar under Illinois law. *See Premier Capital Mgmt., LLC v. Cohen*, No. 02 C 5368, 2008 U.S. Dist. LEXIS 23368, at *7 (N.D. Ill. Mar. 24, 2008).

[13] *See Sharp Int'l Corp. v. State St. Bank & Trust Co.*, 403 F.3d 43, 49-50 (2d Cir. 2005); *Nigerian Nat'l Petroleum Corp.*, 1999 WL 558141, at *8.

7

knowledge.[14]

Second, the Complaint does not adequately allege that Deutsche Bank provided "substantial assistance" to another party in breaching a duty owed to Plaintiffs. Substantial assistance requires a defendant's participation to be the proximate cause of the plaintiff's injury. *See Kolbeck*, 939 F. Supp. at 249.[15] *See Giraldo v. Rossberg*, 747 N.Y.S.2d 78, 79 (N.Y. App. Div. 2002); *Duggal v. St. Regis Hotel*, 695 N.Y.S.2d 602, 603 (N.Y. App. Div. 1999). In this case, the alleged breaches of others are presumably alleged breaches by Jenkens and Amex, consisting of flawed legal advice (in the case of Jenkens) and flawed tax advice (in the case of Amex). However, there is no allegation that Deutsche Bank assisted either Jenkens or Amex in providing these legal or tax services. Accordingly, Deutsche Bank cannot have proximately caused any of Plaintiffs' alleged injuries from these claimed breaches, and, as a result, Plaintiffs' claim for aiding and abetting breach of fiduciary duty fails.

### D. The Complaint Does Not State A Claim For Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act

The Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA") claim is also deficient. As an initial matter, this claim should be dismissed for the simple reason that, pursuant to the choice of law provisions contained in the operative contracts, New York law applies. *See* Section I.A., *supra*. When parties contractually agree that the law of a state other than Illinois governs a dispute, a plaintiff is precluded from asserting a claim under the ICFA. *See M. Block & Sons, Inc. v. Int'l Bus. Machs. Corp.*, No. 04 C 340, 2004 WL 1557631, at *7 (N.D. Ill. July 8, 2004) ("Because New York law controls [pursuant to the contract's New York choice of law provision], Plaintiff cannot bring an Illinois statutory claim against Defendant."); *Telular Corp. v. Mentor Graphics Corp.*, 282 F. Supp. 2d 869, 871 (N.D. Ill. 2003) (noting that the court previously dismissed the ICFA claim after "finding that an Oregon choice of law provision in the contract precluded application of the Illinois act.").

Even if this Court were to find that the New York choice of law provisions do not prohibit Plaintiffs from asserting an ICFA claim, the claim should still be dismissed because Plaintiffs do not properly allege a cause of action under the act. In order to state an ICFA claim,

---

[14] *See Stutts v. De Dietrich Group*, No. 03-CV-4058 (ILG), 2006 WL 1867060, at *13 (E.D.N.Y. June 30, 2006); *Brasseur v. Speranza*, 800 N.Y.S.2d 669, 671 (N.Y. App. Div. 2005).

[15] *See also Wolf v. Liberis*, 505 N.E.2d 1202, 1209 (Ill. App. 1987).

8

a plaintiff must allege (1) a deceptive act or practice; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade or commerce; and (4) that the plaintiff's injury was proximately caused by the alleged fraud. *See Rockford Mem'l Hosp. v. Havrilesko*, 368 Ill. App. 3d 115, 122 (Ill. App. Ct. 2006). As discussed more fully in Section II, *infra*, Plaintiffs have failed to identify a single deception specifically attributable to Deutsche Bank. Accordingly, the first element of an ICFA claim has not been satisfied. Moreover, Plaintiffs' written agreements indicating that they were not relying on any representations by Deutsche Bank, *see* Confirmations ¶ 3, Exs. 1-3, preclude Plaintiffs from establishing the second element of an ICFA claim – intended reliance. For all these reasons, the ICFA claim must be dismissed.

### E. The Complaint Fails To State A Claim For Civil Conspiracy

There is no substantive tort of civil conspiracy under New York law. Rather, to state a claim for civil conspiracy, a complaint must allege an independent actionable tort and four additional elements: (1) a corrupt agreement; (2) an overt act in furtherance of the agreement; (3) a party's intentional participation in the furtherance of a plan; and (4) resulting damage. *See Lewis v. Rosenfeld*, 138 F. Supp. 2d 466, 479 (S.D.N.Y. 2001), *amended on other grounds*, 145 F. Supp. 2d 341 (S.D.N.Y. 2001). Even if the Complaint adequately alleged these four elements – which it does not – Plaintiffs have not properly alleged any actionable tort by Deutsche Bank or any other party. Accordingly, this claim should also be dismissed. *See BFS Morgan*, slip op. at 10 (dismissing conspiracy claim against Deutsche Bank where plaintiff failed to sufficiently plead an independent tort), Ex. 15.[16]

## II. NONE OF PLAINTIFFS' CLAIMS SATISFIES RULE 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs' fraud, negligent misrepresentation, civil conspiracy, assisting in the breach of fiduciary duty, and ICFA claims are all premised upon alleged fraudulent conduct. As such, these claims are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.[17] The Seventh Circuit has held that, in order to satisfy the

---

[16] The result is the same under Illinois law. *See, e.g.*, *Time Savers*, 863 N.E.2d at 1168 (finding that claim for conspiracy to commit fraud failed where the plaintiff failed to plead all elements of the underlying fraud claim).

[17] Rule 9(b) applies to all fraud-based state law claims. *See, e.g.*, *Veal v. First Am. Savs. Bank v. Sec. Savs. & Loan Ass'n*, 914 F.2d 909, 913 (7th Cir. 1990) (breach of fiduciary duty and

9

more rigorous standards of Rule 9(b), a plaintiff must plead the "who, what, when, where, and how" of the circumstances constituting the alleged fraud.  *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  More specifically, "the rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (internal quotations omitted).  Additionally, "[w]hen a plaintiff complains of a false or misleading statement, he or she must identify the statement and set forth why it is false."  *Muehlbauer v. Gen. Motors Corp.*, 431 F. Supp. 2d 847, 860 (N.D. Ill. 2006).

Here, the Complaint does not allege with particularity that representatives of Deutsche Bank made any representations, let alone misrepresentations, about the Strategy to Plaintiffs.  Instead, the Complaint is replete with conclusory allegations regarding "Defendants" or "co-conspirators" generally.  *See, e.g.*, Compl. ¶¶ 3, 52, 53, 56, 59, 117, 127.  For example, Plaintiffs' fraud-based claims rest on assertions that "the co-conspirators represented to the participants that Son of BOSS was a legitimate tax avoidance mechanism and that it was not a fraudulent tax shelter," *id*. ¶ 56, and that "[c]ertain writings, oral statements and visual presentations constituted an affirmative representation that Son of BOSS was legitimate and not a fraudulent tax shelter," *id.* ¶ 57.  Conclusory allegations that lump defendants together for purposes of fraud-based claims fail to satisfy Rule 9(b).  *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990); *see also Palmer Ventures, LLC v. Deutsche Bank AG*, No. 04-706-JJB-DLD, 2008 U.S. Dist. LEXIS 35738, at *8-10 (M.D. La. Apr. 29, 2008) (granting Deutsche Bank's motion to dismiss in a similar action after being "directed [by Rule 9(b)] to the petition in search of allegations of misrepresentations particularly attributable to Deutsche Bank, made towards plaintiffs").

Moreover, even in those instances where the Complaint attempts to single out Deutsche Bank instead of "Defendants" generally, there is no information regarding a Deutsche Bank speaker or the time and place of the alleged fraudulent statement.  *See, e.g*., Compl. ¶ 66 ("Deutsche Bank's participation constituted an affirmative representation that Son of BOSS was valid, legitimate, purposeful, and suitable for plaintiffs.  Each time Deutsche Bank sent out a

---

negligence); *High Rd. Holdings, LLC v. Ritchie Bros. Auctioneers (Am.), Inc.*, No. 1:07-cv-4590, 2008 WL 450470, at *3 (N.D. Ill. Feb. 15, 2008) (ICFA).

trade confirmation or account statement, Deutsche Bank reinforced this false statement.").

And, even though Plaintiffs sue for negligent misrepresentation, they allege no contact whatsoever with Deutsche Bank, let alone the contact sufficient to show a "special relationship" that would give rise to a duty of disclosure. Accordingly, Plaintiffs' claims against Deutsche Bank should be dismissed.

### III.   THE MAJORITY OF PLAINTIFFS' CLAIMS ARE TIME-BARRED

Plaintiffs' claims for common law fraud (Count II), negligent misrepresentation (Count III), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV), and assisting in the breach of fiduciary duty (Count VI) are all barred by the statute of limitations.[18] As a general rule, a federal court exercising diversity jurisdiction applies the statute of limitations of the forum state, even when the action is brought under the law of another state. *See, e.g.*, *U.S. Textiles, Inc. v. Anheuser-Busch Cos., Inc.*, 911 F.2d 1261, 1269 (7th Cir. 1990). Therefore, although New York substantive law governs Plaintiffs' common law claims, *see supra* Section I.A., the Court should look to Illinois law for the applicable statutes of limitation.

Under Illinois law, Plaintiffs' common law claims for fraud, negligent misrepresentation, and assisting in the breach of fiduciary duty are subject to a five-year limitations period, *see* 735 Ill. Comp. Stat. Ann. § 5/13-205, and their statutory claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act is subject to a three-year limitations period, *see* 815 Ill. Comp. Stat. Ann. § 505/10a(e); *see also Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 441 (7th Cir. 1994).

"[T]he statute of limitations begins to run when the party to be barred has the right to invoke the aid of the court to enforce his remedy." *Milnes v. Hunt*, 725 N.E.2d 779, 781 (Ill. App. 2000). Although the statute of limitations may be tolled under the "discovery rule," pursuant to which the limitations period does not begin to accrue until the injured party "knows or reasonably should know both that an injury has occurred and that it was wrongfully caused,"[19] Illinois law is clear that "[t]he period begins when the injury could have been discovered through

---

[18] Plaintiffs' civil conspiracy claim (Count I), the only claim that is not time-barred, is, like the other claims, deficient as a matter of law. *See* Section I.E., *supra*.

[19] *Knox College v. Celotex Corp. et al.*, 430 N.E.2d 976, 980 (Ill. 1981) (internal quotation omitted).

the exercise of appropriate diligence, not discovery of the actual injury." *McWane, Inc. v. Crow Chicago Indus., Inc.*, 224 F.3d 582, 585 (7th Cir. 2000). Therefore, a plaintiff seeking to invoke the discovery rule bears the burden of establishing that the exercise of reasonable diligence could not have led to the discovery of the alleged injury. *Waters v. Reingold*, 663 N.E.2d 126, 137 (Ill. App. 1996), *abrogated on other grounds*, *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 694 N.E.2d 562 (Ill. 1998) ("Where it appears from the face of the complaint that the plaintiff is filing an action beyond the period for the statute of limitations, the plaintiff must allege facts which indicate that the cause of action was not discovered or would not have been discovered through the exercise of due diligence."); *see also In re Gaslight Club, Inc.*, 167 B.R. 507, 519 (Bankr. N.D. Ill. 1994) ("Where fraud is undiscovered although the defendant has taken no affirmative steps to conceal the wrongdoing, the movant has the burden of proving due diligence and the exercise of reasonable care."). Moreover, in determining when a statute of limitations begins to run, a court must invoke an objective standard rather than a subjective one: "At some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a *reasonable person* on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the limitations period commences." *Knox College*, 430 N.E.2d at 980-81 (emphasis added).

    Plaintiffs' claims against Deutsche Bank are all based on the allegation that Deutsche Bank, in concert with other alleged coconspirators, entered into a scheme to market to Plaintiffs the Strategy, which in reality was "nothing more than an illegitimate tax shelter." *See* Compl. ¶¶ 1-10. Although the Complaint does not state when Plaintiffs "discovered" the purported conspiracy, Plaintiffs are charged with discovering information that should have been discovered through the exercise of reasonable diligence. *See Waters*, 663 N.E.2d at 137. As Plaintiffs point out, the IRS publicly announced a disclosure initiative that allowed taxpayers who entered into alleged "tax shelter" transactions to provide the IRS with information regarding their respective transactions in exchange for the IRS's agreement to forgo the assessment of penalties. Compl. ¶ 86. The IRS announced the program in Announcement 2002-2, "Disclosure Initiative for Certain Transactions Resulting in Waiver of Certain Penalties Under Section 6662 of the Internal Revenue Code," which was released on December 22, 2001 and subsequently published on January 14, 2002. *See* Announcement 2002-2, 2001 WL 1637819; *see also* Compl.

¶ 86. In addition, the IRS disclosure initiative was covered by the national media.[20] This IRS announcement should have put Plaintiffs on inquiry notice.

Plaintiffs acknowledge the Notice but assert that they "believe that the co-conspirators . . . never told them about the tax amnesty program," Compl. ¶ 87.[21] Nonetheless, whether or not Plaintiffs were told about the IRS disclosure initiative is irrelevant to determining whether the announcement of the initiative commenced the running of the statutes of limitation because, as explained above, courts must apply an objective standard to determine when a plaintiff is on constructive notice of his potential causes of action. IRS notices are precisely the sort of public documents that would permit a reasonable person exercising appropriate diligence to discover his injury and, hence, trigger the running of the statute of limitations.

Indeed, the United States District Court for the District of Kansas dismissed a plaintiff's claims surrounding its participation in a tax strategy because "[t]he statute of limitations began to run on January 14, 2002, when the IRS published its disclosure initiative [in Announcement 2002-2]" and therefore the claims were time-barred. *Hutton v. Deutsche Bank AG*, No. 07-2041-JTM, 2008 WL 795746, at *4 (D. Kan. Mar. 24, 2008). This Court should follow its lead, just as other courts have dismissed claims arising out of tax strategies as time-barred, based on the release of IRS notices. *See Klamath Strategic Inv. Fund v. U.S.*, 440 F. Supp. 2d 608, 625 (E.D. Tex. 2006) (stating that "taxpayers who engaged in conduct similar to Plaintiffs after August 2000, [the date IRS Notice 2000-44 was issued,] were on notice of the Service's issue with these transactions."); *Tayebi v. KPMG LLP et al.*, No. 105471/07, 2008 WL 518149, at *7 (N.Y. Sup. Ct. Feb. 20, 2008) ("even without more, the IRS announcement [Announcement 2002-2] should have been sufficient to put plaintiffs on inquiry notice of the existence of problems with the BLIPS transaction."); *see also* 26 C.F.R. § 601.601(d)(2)(iii)

---

[20] *See, e.g.*, Albert B. Crenshaw, *Shelter Tips Sought From the Sheltered; No Penalties for Disclosures, IRS Pledges*, WASH. POST, Dec. 22, 2001, at E3, attached as Exhibit 17; *IRS Targeting Doubtful Tax Shelters*, LOS ANGELES TIMES, Dec. 25, 2001, at 3, attached as Exhibit 18. This Court may properly consider these articles without converting this motion to dismiss into a motion for summary judgment because they are offered only to prove the fact of their publication. *See In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, 289 F. Supp. 2d 429, 433 n.3 (S.D.N.Y. 2003) (finding investors' claims to be time-barred because news media put them on inquiry notice of their claims and observing that "[t]he Court may take judicial notice of newspaper articles for the fact of their publication without transforming the motion [to dismiss] into one for summary judgment.").

[21] Notably, Plaintiffs do not assert that they were unaware of the IRS publication.

13

(stating that "[t]he purpose of publishing revenue rulings and revenue procedures in the Internal Revenue Bulletin is to promote correct and uniform application of the tax laws . . . and *to assist taxpayers in attaining maximum voluntary compliance by informing Service personnel and the public of National Office interpretations of the internal revenue laws*, related statutes, treaties, regulations, and statements of Service procedures affecting the rights and duties of taxpayers") (emphasis added).[22]

The alleged wrongdoing and Plaintiffs' alleged injuries were reasonably ascertainable as of December 22, 2001, when the disclosure initiative was issued, or at the very latest, January 14, 2002, when it was published. The statute of limitations for Plaintiffs' claims for common law fraud, negligent misrepresentation, and assisting in the breach of fiduciary duty therefore expired no later than January 14, 2007, and the statute of limitations for Plaintiffs' claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act expired no later than January 14, 2005. Because the Complaint was not filed until February 29, 2008, all of these claims are time-barred and should be dismissed.

## CONCLUSION

For the reasons described above, Deutsche Bank respectfully requests that this Court dismiss Plaintiffs' claims with prejudice.

Dated: May 14, 2008
DEWEY & LEBOEUF LLP

By: s/ Erin L. Ziaja
     Erin L. Ziaja
Two Prudential Plaza, Suite 3700
180 North Stetson Avenue
Chicago, Illinois 60601
Telephone: (312) 794-8000
Facsimile: (312) 794-8100

Seth C. Farber (*pro hac vic*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.*

---

[22] Although the Southern District of New York held in *Seippel v. Sidley Austin Brown & Wood LLP*, 399 F. Supp. 2d 283, 291 (S.D.N.Y. 2005), that a different Notice, Notice 1999-59, was not sufficient to put the plaintiffs in that case on notice to commence the running of the limitations periods, the court emphasized that the plaintiffs were reassured by the defendants that the Notice did not apply to their tax strategy. *See id.* Plaintiffs make no such allegations of false assurances here.