# EXHIBIT A



Announcement 2002-2, 2002-2 I.R.B. 304, 2002-1 C.B. 304, 2001 WL 1637819
(IRS ANN)

Page 1

C

Announcement 2002-2, 2002-2 I.R.B. 304, 2002-1 C.B. 304, 2001 WL 1637819 (IRS ANN)

DISCLOSURE STATEMENT RELEASED 2/23/2002 APPEARS AT THE END OF THIS DOCUMENT

Internal Revenue Service (I.R.S.)
IRS ANN

Announcement
DISCLOSURE INITIATIVE FOR CERTAIN TRANSACTIONS RESULTING IN WAIVER OF CERTAIN PENALTIES UNDER § 6662 OF THE INTERNAL REVENUE CODE

Released: December 22, 2001
Published: January 14, 2002

**Waiver of penalties.** To encourage taxpayers to disclose their tax treatment of certain tax shelters, the IRS will waive the accuracy-related penalty under section 6662 of the Code.

The Internal Revenue Service (IRS) announces a disclosure initiative to encourage taxpayers to disclose their tax treatment of tax shelters and other items for which the imposition of the accuracy-related penalty may be appropriate if there is an underpayment of tax. If a taxpayer discloses any item in accordance with the provisions of this announcement before April 23, 2002, the IRS will waive the accuracy-related penalty under § 6662(b)(1), (2), (3), and (4) for any underpayment of tax attributable to that item.

This disclosure initiative covers all items except items resulting from a transaction that (1) did not in fact occur, in whole or in part, but for which the taxpayer claimed a tax benefit on its return; (2) involved the taxpayer's fraudulent concealment of the amount or source of any item of gross income; (3) involved the taxpayer's concealment of its interest in, or signature or other authority over a financial account in a foreign country; (4) involved the taxpayer's concealment of a distribution from, a transfer of assets to, or that the taxpayer was a grantor of a foreign trust; or (5) involved the treatment of personal, household, or living expenses as deductible trade or business expenses.

SCOPE OF THE WAIVER
Under this disclosure initiative, the IRS will waive the accuracy-related penalty under § 6662(b) for that portion of an underpayment attributable to the disclosed item and due to one or more of the following: (1) negligence or disregard of rules or regulations; (2) any substantial understatement of income tax; (3) any substantial or gross valuation misstatement under chapter 1 of the Code, except for any

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Announcement 2002-2, 2002-2 I.R.B. 304, 2002-1 C.B. 304, 2001 WL 1637819  Page 2
(IRS ANN)

portion of an underpayment attributable to a net § 482 transfer price adjustment, unless the standards of § 6662(e)(3)(B) regarding documentation are met; and (4) any substantial overstatement of pension liabilities.

Disclosure under this initiative does not affect whether the IRS will impose, as appropriate, any other civil penalty that may be applicable under the Code or will investigate any associated criminal conduct or recommend prosecution for violation of any criminal statute.

PERIOD OF DISCLOSURE
The IRS will waive the accuracy-related penalty if the taxpayer discloses the item before the earlier of (1) the date the item or another item arising from the same transaction is an issue raised during an examination, or (2) April 23, 2002. For purposes of this disclosure initiative, an item is an issue raised during an examination if the person examining the return (the examiner) communicates to the taxpayer knowledge about the specific item or on or before December 21, 2001, the examiner has made a request to the taxpayer for information, and the taxpayer could not make a complete response to that request without giving the examiner knowledge of the specific item.

INFORMATION REQUIRED TO MAKE A DISCLOSURE
To disclose an item under this initiative, a taxpayer must provide the following:
   (1) A statement describing the material facts of the item;
   (2) A statement describing the taxpayer's tax treatment of the item;
   (3) The taxable years affected by the item;
   (4) If the taxpayer is a Coordinated Industry Case (CIC) taxpayer, a statement that the taxpayer will agree to address the disclosed item under the Accelerated Issue Resolution process described in Rev. Proc. 94-67 (1994-2 C.B. 800) if requested to do so by the IRS;
   (5) The names and addresses of (a) any parties who promoted, solicited, or recommended the taxpayer's participation in the transaction underlying the item and who had a financial interest, including the receipt of fees, in the taxpayer's decision to participate, and (b) if known to the taxpayer, any parties who advised the promoter, solicitor or recommender with respect to that transaction;
   (6) A statement agreeing to provide, if requested, copies of all of the following:
      (a) All transactional documents, including agreements, contracts, instruments, schedules, and, if the taxpayer's participation in the transaction was promoted, solicited or recommended by any other party, all material received from that other party or that party's advisor(s);
      (b) All internal documents or memoranda used by the taxpayer in its decision-making process, including, if applicable, information presented to the taxpayer's board of directors; and
      (c) All opinions and memoranda that provide a legal analysis of the item, whether prepared by the taxpayer or a tax professional on behalf of the tax-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Announcement 2002-2, 2002-2 I.R.B. 304, 2002-1 C.B. 304, 2001 WL 1637819  Page 3
(IRS ANN)

    payer; and
    (7) A penalty of perjury statement that the person signing the disclosure has
    examined the disclosure and that to the best of that person's knowledge and be-
    lief, the information provided as part of the disclosure contains all relevant
    facts and is true, correct, and complete. In the case of an individual taxpay-
    er, the declaration must be signed and dated by the taxpayer, and not the tax-
    payer's representative. In the case of a corporate taxpayer, the declaration
    must be signed and dated by an officer of the corporate taxpayer who has per-
    sonal knowledge of the facts. If the corporate taxpayer is a member of an af-
    filiated group filing consolidated returns, a penalties of perjury statement
    also must be signed, dated, and submitted by an officer of the common parent of
    the group. The person signing for a trust, a state law partnership, or a lim-
    ited liability company must be, respectively, a trustee, general partner, or
    member-manager who has personal knowledge of the facts. A stamped signature is
    not permitted.

PROCEDURE FOR MAKING THE DISCLOSURE
A CIC taxpayer must submit the disclosure information to the assigned team manager
and send a copy of the information to the Office of Tax Shelter Analysis.

A non-CIC taxpayer not under examination as of December 21, 2001, must send the
disclosure information to the Office of Tax Shelter Analysis.

A non-CIC taxpayer under examination as of December 21, 2001, must submit the dis-
closure information to the examiner and send a copy of the information to the Of-
fice of Tax Shelter Analysis.

The address for the Office of Tax Shelter Analysis is LM:PFTG:OTSA, 1111 Constitu-
tion Ave, NW, Washington, DC 20224.

MISCELLANEOUS
The IRS is committed to considering and resolving disclosed items promptly. A tax-
payer's disclosure of an item creates no inference that the taxpayer's tax treat-
ment of the item was improper or that the accuracy-related penalty would apply if
there is an underpayment of tax. Furthermore, taxpayers that do not disclose under
this initiative are not prevented from demonstrating that they satisfy the reason-
able cause exception under § 6664(c) and the regulations thereunder with respect
to any portion of an underpayment of tax.

PAPERWORK REDUCTION ACT
The collection of information contained in this announcement has been reviewed and
approved by the Office of Management and Budget in accordance with the Paperwork
Reduction Act (44 U.S.C. § 3507) under control number 1545-1764. An agency may not
conduct or sponsor, and a person is not required to respond to, a collection of
information unless the collection of information displays a valid OMB control num-
ber.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Announcement 2002-2, 2002-2 I.R.B. 304, 2002-1 C.B. 304, 2001 WL 1637819    Page 4
(IRS ANN)

The collection of information in this announcement is in the section titled INFORMATION REQUIRED TO MAKE A DISCLOSURE. This information is required to assess the item the taxpayer is disclosing under the initiative. This information will be used to determine whether the taxpayer has reported the disclosed item properly for income tax purposes. The collection of information is required to obtain the benefit described in this announcement. The likely respondents are businesses or other for-profit institutions, small businesses or organizations, and individuals.

The estimated total annual reporting burden is 450 hours.

The estimated annual burden per respondent varies from 2 hours to 4 hours, depending on individual circumstances, with an estimated average of 3 hours. The estimated number of respondents is 150.

The estimated frequency of responses is one time per respondent.

Books or records relating to a collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally tax returns and tax return information are confidential, as required by 26 U.S.C. § 6103.

CONTACT INFORMATION

For further information regarding this announcement, contact Jozef Chilinski of the Office of Tax Shelter Analysis at (202) 283-8425 (not a toll-free call).

Released: February 23, 2002
February 19, 2002

   MEMORANDUM FOR LARGE AND MID-SIZE BUSINESS EXECUTIVES, MANAGERS AND EXAMIMRS

FROM: Larry L. Langdon Commissioner, Large and Mid-Size Business Division

SUBJECT: Agreement with Respect to Disclosure in Compliance with Announcement 2002-2

Some taxpayers have indicated that they want to make a disclosure under Announcement 2002-2 but are concerned that the production of certain documents and opinions may be a waiver of the attorney-client privilege. The Service has developed an agreement to address this concern. The agreement states that the IRS will not assert that the production of documents under the announcement causes a waiver of the privilege. Note, however, that the agreement is not a concession that the claimed privilege applies, and it explicitly leaves open the ability of the IRS to argue that the claimed privilege does not apply for another reason.

The attached document is the agreement the IRS will enter into with taxpayers that want to disclose under Announcement 2002-2. If a taxpayer wants to enter into the agreement, examiners must seek assistance from LMSB Counsel. LMSB Counsel attor-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.