IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KONSTANTINOS VADEVOULIS, JIM
VADEVOULIS, and PAUL VADEVOULIS,

                Plaintiffs,

   v.

DEUTSCHE BANK AG, DEUTSCHE BANK
SECURITIES, INC., D/B/A DEUTSCHE BANK
ALEX. BROWN, and AMERICAN EXPRESS
TAX AND BUSINESS SERVICES, INC., N/K/A
RSM MCGLADREY LLC,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 08 C 1251

Hon. Joan H. Lefkow

### DEFENDANTS DEUTSCHE BANK AG AND DEUTSCHE BANK SECURITIES INC.'S MOTION FOR A STAY PENDING ARBITRATION OF PLAINTIFFS' CLAIMS

        Defendants Deutsche Bank AG and Deutsche Bank Securities Inc., d/b/a Deutsche Bank Alex. Brown ("DBSI") (collectively known hereafter as "Deutsche Bank"), by and through their attorneys and pursuant to Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, hereby move this Court to stay this action. In support of its Motion, Deutsche Bank states as follows:

        1.     Section 3 of the FAA mandates a stay where, as here, the asserted claims are "referable to arbitration" pursuant to written arbitration agreements.

        2.     Plaintiffs signed unambiguous account agreements ("Account Agreements") with broad arbitration provisions when they opened accounts with Deutsche Bank in the names of the limited liability companies they created and used to execute the tax strategy that is the subject of the Amended Complaint.

        3.     Moreover, even if Plaintiffs were considered non-signatories to the Account Agreements, they not only benefited from the Account Agreements, but they also rely heavily on them in alleging their claims against Deutsche Bank. As a result,

well-established principles of equitable estoppel bind Plaintiffs to the arbitration provisions, even if their signatures and the contractual language do not.

4. Deutsche Bank AG can properly invoke the arbitration provision in the DBSI Account Agreements because Deutsche Bank AG is DBSI's ultimate corporate parent and because Plaintiffs cannot sue Deutsche Bank AG and DBSI as a single, integrated entity while at the same time arguing that they are distinct for purposes of the arbitration agreement.

5. The subject matter of Plaintiffs' claims falls squarely within the broad language of the arbitration provision in the Account Agreements.

6. Accordingly, because Plaintiffs' claims are "referable to arbitration," the FAA mandates a stay of these proceedings.

7. Deutsche Bank AG's and Deutsche Bank Securities Inc.'s Memorandum of Law in Support of Their Motion for a Stay Pending Arbitration of Plaintiffs' Claims is submitted herewith.

WHEREFORE, Defendants Deutsche Bank AG and Deutsche Bank Securities Inc., d/b/a Deutsche Bank Alex. Brown respectfully move this Court to stay this action pursuant to Section 3 of the FAA.

Dated: August 13, 2008

Respectfully submitted,

DEWEY & LeBOEUF LLP

By: /s/ Erin L. Ziaja

Erin L. Ziaja (ID # 6278775)
Two Prudential Plaza, Suite 3700
180 North Stetson Avenue
Chicago, Illinois 60601
Telephone: (312) 794-8000
Facsimile: (312) 794-8100

Seth C. Farber admitted *pro hac vice*
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.*