IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Konstantinos Vadevoulis, Jim Vadevoulis and Paul Vadevoulis, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No.: 08 C 1251 |
| Deutesche Bank AG; Deutsche Bank Securities, Inc. d/b/a Deutsche Bank Alex. Brown, and American Express Tax and Business Services, Inc. n/k/a RSM McGladrey LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**RSM McGLADREY, INC.'S f/k/a AMERICAN EXPRESS TAX AND BUSINESS SERVICES, INC.'S MOTION FOR PROTECTIVE ORDER**

Defendant RSM McGLADREY, INC. f/k/a AMERICAN EXPRESS TAX AND BUSINESS SERVICES, INC. ("**TBS**"), by Thomas F. Falkenberg, one of its attorneys, respectfully asks this Court for a Protective Order staying discovery pursuant to Federal Rule of Civil Procedure 26(c), stating as follows:

A. **TBS asks for an Order staying discovery pending an outcome on Motions for Stay Pending Arbitration.**

Both Defendant parties have or will move for a stay of discovery pending an arbitration of Plaintiff's claims, as is their right under certain agreements entered into by Plaintiffs.[1]

---

[1] Plaintiff's First Amended Complaint was filed on July 22, 2008. On or about August 13, 2008, the Deutsch Bank Defendants filed their motion for a stay pending arbitration. The American Express TBS Defendants have until August 29, 2008 to file their motion seeking arbitration, per the Court's Order of July 31, 2008.

Plaintiffs filed their original Complaint in this action on February 29, 2008. In response thereto, TBS filed a motion to dismiss the Complaint, expressly reserving its right to move to compel arbitration should the Court sustain the Complaint. During the pendency of that motion and, notwithstanding their stated intention to move to amend the complaint, Plaintiffs served their first request for documents and first set of interrogatories (the "Requests") on July 8, 2008. On July 17, 2008, pursuant to the direction of the Court, the parties exchanged their initial disclosures. On July 22, 2008, Plaintiffs filed an Amended Complaint and proceeded to press for responses to the Requests. TBS objected to responding to the discovery.

At a conference before Judge Lefkow on July 31, 2008, TBS reiterated its intent to move to compel arbitration. When Plaintiffs raised the issue of the Requests and TBS's objections to them, the Court directed that TBS respond to the Requests to the extent it deemed them relevant to the case. In accordance with the Court's direction, TBS served written responses and objections to the Requests. Since that time -- notwithstanding the early stage of this proceeding, before any responsive pleading is due, and, with knowledge of TBS's stated intention to move to compel arbitration and stay this action -- Plaintiffs have continued to press TBS for further responses, attempting to draw TBS into discovery disputes which will invariably lead to motion practice before this Court on discovery issues. At this point, TBS is concerned that, by becoming further involved in the discovery process, it may be put in a position that compromises its motion to compel arbitration.

While courts have held that participating in limited discovery does not waive a right to arbitration, *see Williams v. Katten Muchin & Zavis*, 837 F. Supp. 1430 (N.D.Ill. 1993); *Creative Solutions Group, Inc. v. Pentzer Corp.*, 252 F.3d 28 (1st Cir. 2001), they have held also that, at a certain point, participation in the discovery process can work a waiver. *See Stulberg v.*

2

*Intermedics Orthopedics, Inc.*, 1995 WL 746244 (N.D. Ill. Dec. 13, 1995) (party held to have waived right to arbitrate by reason of their participation in discovery). Consistent with its position that this case, if it should be in any forum, should be in the arbitral forum, TBS has not issued any discovery requests to the Plaintiffs. It is for this reason that TBS makes the instant motion. Participating in discovery has the potential of prejudicing TBS' rights to arbitration. Plaintiffs, on the other hand, will face no prejudice. The amended complaint was filed less than a month ago and there is simply no need at this point for discovery on an expedited basis.

C.   **Rule 26(c)(1) Compliance.**

On August 20, 2008 TBS conferred in good faith with the plaintiffs' counsel to resolve the matters described herein. Plaintiffs refused to agree to stay discovery.

**CONCLUSION**

WHEREFORE, Defendant RSM McGLADREY, INC. f/k/a AMERICAN EXPRESS TAX AND BUSINESS SERVICES, INC requests that this Court stay the action pending an outcome on Defendant's respective motions to stay discovery pending arbitration.

Respectfully submitted,

*/s/ Thomas F. Falkenberg*
One of the attorneys for Defendant RSM
McGLADREY, INC. f/k/a AMERICAN EXPRESS
TAX AND BUSINESS SERVICES, INC

Thomas F. Falkenberg
WILLIAMS MONTGOMERY & JOHN LTD.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, Illinois 60606
(312) 443-3200
Attorney No. 412

3