IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Konstantinos Vadevoulis, Jim Vadevoulis, and Paul Vadevoulis, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08C1251 |
| Deutsche Bank AG; Deutsche Bank Securities, Inc., d/b/a Deutsche Bank Alex. Brown, and American Express Tax and Business Services, Inc., n/k/a RSM McGladrey LLC | ) ) ) ) ) ) | Hon. Joan H. Lefkow<br><br>Jury Trial Demanded |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL
AMERICAN EXPRESS TAX AND BUSINESSS
SERVICES, INC.'S COMPLIANCE WITH AUGUST 4, 2008 ORDER**

Plaintiffs Konstantinos Vadevoulis, Jim Vadevoulis, and Paul Vadevoulis ("Vadevoulises") respectfully move this Court for an order compelling defendant American Express Tax and Business Services, Inc., now known as RSM McGladrey LLC ("Amex") to comply with this Court's August 4, 2008 Order, requiring defendants to respond to plaintiffs' outstanding discovery requests regardless of defendants' claimed intention to move to compel arbitration. Notwithstanding the Court's clear ruling, Amex refuses to produce documents in its possession that are responsive to requests to which it does not object. Notably, this motion does not seek to resolve defendants' relevance objections to requests seeking documents concerning the Son of BOSS tax shelter generally,

which issue was referred to Magistrate Judge Keys, but rather to order Amex to produce documents where it has no objection (as Deutsche Bank already has). In support, the Vadevoulises state as follows:

      1.      On August 4, 2008, the Court ordered that "Defendant[s] shall respond to outstanding written discovery" notwithstanding defendants' then-professed intentions to move to stay this matter pending arbitration. *See* 8/4/08 Minute Entry Order [Doc. No. 30], attached as Exhibit 1.

      2.      Specifically, at the July 31, 2008 status hearing, which preceded the August 4 Order, the Court ruled on the record as follows:

> I'm going to order the defendant[s] . . . [to r]espond to outstanding written discovery, and then there won't be any further discovery until I decide the motion to arbitrate. Now you have to do -- we all know you do discovery in arbitration anyway, so it is not any different from being in court. . . . [T]he objection that this is not relevant to the -- this is not relevant because you're moving to compel arbitration is not what I would consider an appropriate objection. . . . I'm talking about responding to discovery as if this were going forward in federal court. It is one round of discovery. This is relevant information. Maybe you'll settle this case when it comes out. So I don't believe that we advance this resolution of this dispute at all by slicing and dicing what the difference is between arbitration and federal court litigation.

7/31/08 Trans. 8-12, attached as Exhibit 2.

      3.      Previously, Amex produced to plaintiffs certain select documents identified in its initial disclosures.

4. On or about August 8, 2008 Amex provided written responses to the Vadevoulises' outstanding document requests and interrogatories. In those responses, Amex agreed to provide responsive documents to certain requests but objected on relevance grounds to providing any documents or information with respect to the Son of BOSS tax shelter generally. *See* Amex Resps., attached as Exhibit 3 (agreeing to produce documents responsive to RFP Nos. 1, 2, 3, 6, 7, 10, 11, & 14).

5. On August 15, 2008, counsel for the Vadevoulises initiated a meet and confer with Amex's counsel to address areas of dispute with respect to Amex's responses to those discovery requests. As a result of those discussions, Amex agreed to produce documents by the end of the week. *See* Email from Plaintiffs' counsel, dated 8/18/2008, attached as Exhibit 4.

6. During the meet and confer, though Amex has not served plaintiffs with specific discovery requests, counsel for Amex requested that the Vadevoulises produce certain categories of documents that had not been previously produced in connection with plaintiffs' Rule 26(a)(1) disclosures. In response to Amex's request, the Vadevoulises produced approximately 1,400 pages of additional documents one week later.

7. In violation of this Court's order, Amex now refuses to produce any documents responsive to Plaintiffs' outstanding discovery requests, including documents Amex just agreed to provide in its written responses and during the meet and confer, and that are responsive to requests with no

objection. *See* Email from Plaintiffs' counsel and Amex counsel response, attached as Exhibit 5.

8.   Notably, defendant Deutsche Bank has produced documents described in its initial disclosures as well as some documents responsive to the Vadevoulises' document requests to which Deutsche Bank did not object on relevance grounds.

WHEREFORE, the Vadevoulises respectfully request that this Court order Amex to comply with the August 4, 2008 Order, producing documents responsive to Plaintiffs' discovery requests irrespective of defendants' intentions to move to compel arbitration.

Dated: August 25, 2008     KONSTANTINOS VADEVOULIS, JIM VADEVOULIS, and PAUL VADEVOULIS


By: _____/s/ Scott F. Hessell_____
    One of their attorneys

Adam P. Merrill  (6229850)
Scott F. Hessell (6275119)
SPERLING & SLATER
55 West Monroe St., Suite 3200
Chicago, Illinois 60603
(312) 641-3200

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of the filing to the following:

Thomas F. Falkenberg    tff@willmont.com

Lynne M Fischman Uniman    luniman@akllp.com

Anju Uchima    anjuuchima@andrewskurth.com

Erin L Ziaja    eziaja@dl.com,

/s/ Scott F. Hessell