# EXHIBIT 1

Order Form (01/2005)

Case 1:08-cv-01251     Document 30     Filed 07/31/2008     Page 1 of 1



## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1251 | **DATE** | 7/31/2008 |
| **CASE TITLE** | Vadevoulis vs. Deutsche Bank, et al. | | |

**DOCKET ENTRY TEXT**

Scheduling conference held. Enter Scheduling Order. Defendant shall respond to outstanding written discovery and any problems arising concerning outstanding written discovery shall be referred to the designated magistrate judge. No further new discovery shall be initiated without further order of court. Defendants shall have until August 29, 2008 to answer or otherwise respond to the amended complaint. If defendants file a motion with respect to the amended complaint, plaintiffs shall have until September 26, 2008 to respond to the motion. Any such motions need not be noticed or presented at a hearing. Defendants shall have until October 14, 2008 to reply in support of their motions. Status hearing is set for 10/21/2008 at 9:30 a.m.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

00:12

FILED-SDI
2008 AUG -4  PM 5: 39
CLERK
U.S. DISTRICT COURT

| | Courtroom Deputy Initials: | MD |
|---|---|---|

# EXHIBIT 2

1

<pre>
 1                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3
    KONSTANTINOS VADEVOULIS, JIM          )
 4  VADEVOULIS, and PAUL VADEVOULIS,      )
                                          )
 5            Plaintiffs,                 )
                                          )
 6            vs.                         )  No. 08 C 1251
                                          )
 7  DEUTSCHE BANK AG; DEUTSCHE BANK       )
    SECURITIES, INC., doing business as   )
 8  Deutsche Bank; ALEX BROWN; AMERICAN   )
    EXPRESS TAX AND BUSINESS SERVICES,    )
 9  INC., now known as RSM McGladrey      )
    LLC,                                  )  Chicago, Illinois
10                                        )  July 31, 2008
              Defendants.                 )  10:00 A.M.
11
                 TRANSCRIPT OF PROCEEDINGS - Status
12         BEFORE THE HONORABLE JOAN HUMPHREY LEFKOW

13  APPEARANCES:

14  For the Plaintiffs:       SPERLING & SLATER
                              55 West Monroe Street
15                            Suite 3200
                              Chicago, Illinois  60603
16                            BY:  MR. SCOTT FORREST HESSELL

17  For Defendant Deutsche:   DEWEY & LeBOEUF LLP
                              1301 Avenue of the Americas
18                            New York, New York  10019-6092
                              BY:  MR. SETH C. FARBER
19
                              DEWEY & LeBOEUF, LLP
20                            180 North Stetson Avenue
                              Suite 3700
21                            Chicago, Illinois  60601
                              BY:  MS. ERIN L. ZIAJA
22
                      PAMELA S. WARREN, CSR, RPR
23                       Official Court Reporter
                      219 South Dearborn Street
24                            Room 1928
                      Chicago, Illinois   60604
25                          (312) 294-8907
</pre>

```
 1    APPEARANCES:   Continued

 2
      For Defendant American:    WILLIAMS MONTGOMERY & JOHN LTD
 3                               20 North Wacker Drive
                                 Suite 2100
 4                               Chicago, Illinois  60606-3094
                                 BY:  THOMAS F. FALKENBERG
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      (Proceedings had in open court.)

2          THE CLERK:  08 C 1251, Vadevoulis versus Deutsche

3  Bank.

4          MR. HESSELL:  Good morning, your Honor.  Scott Hessell

5  on behalf of Dino, Jim, and Paul Vadevoulis.

6          THE COURT:  Good morning.

7          MR. FARBER:  And, good morning, your Honor.  Seth

8  Farber and Erin Ziaja from Dewey & LeBoeuf on behalf of

9  Deutsche Bank, defendant.

10          THE COURT:  Good morning.

11          MR. FALKENBERG:  Tom Falkenberg on behalf of American

12  Express Tax and Business Services, now known as RSM McGladrey.

13          THE COURT:  Good morning.

14          Okay.

15          MR. HESSELL:  Good morning, your Honor.  I think the

16  last time we were here the parties had submitted a scheduling

17  order in this case.  And it was the defendants's position that

18  no discovery should go forward until the Court had ruled on a

19  motion to dismiss and/or a motion to compel arbitration as to

20  the amended complaint that we are contemplating to be filing.

21  And I believe the Court's direction the last time was to deny

22  the defendants's request and that discovery should go forward.

23          So the parties exchanged initial disclosures,

24  including virtually all the plaintiffs's responsive documents

25  in this case, some documents from the defendants.  And then we

1   also served discovery requests, a relatively limited set of

2   discovery requests, 15 document requests and eight

3   interrogatories basically just asking for documents that

4   defendants had concerning our clients, as well as documents

5   that they had otherwise produced to the Senate Subcommittee,

6   the Department of Justice or other private litigants about this

7   tax shelter called the Son of Boss tax shelter.

8           We then had a meet and confer, which I think was your

9   direction to us the last time, to discuss the scope of

10  discovery on Monday.  And at that conference Deutsche Bank's

11  counsel advised that it was their position that plaintiffs were

12  entitled to no discovery because they were now changing their

13  strategy, not moving to dismiss the complaint but moving to

14  compel arbitration.

15          And so under that guise they asserted that we were

16  entitled to no discovery at all.  AMEX asserted that it too may

17  move to stay -- may move to stay pending arbitration that we

18  should get no discovery.

19          So that's basically where we are.

20          From our perspective, the fact that the defendants in

21  four weeks may move -- may change their pleading strategy to

22  move to compel arbitration is of no mind as to the outstanding

23  discovery which is now due in a week.  And that in order for

24  the plaintiffs to properly evaluate the case and allow the case

25  to go forward, that discovery should be produced in a week

1    notwithstanding what they might file.

2          And with respect to, you know, not really getting into

3    the merits of the arbitration issue, but both defendants agree

4    that these plaintiffs, the individuals, have no arbitration

5    agreement with either of these defendants.

6          The only thing that they rely on, which they attached

7    to the last motion to dismiss, is an account agreement with a

8    corporate entity, which we do not rely on that account

9    agreement in any way to assert the claims against either of

10   these defendants, and so our position is sort of besides the

11   point.

12         And so we'd ask that the Court order that the

13   scheduling order be entered and that the defendants respond to

14   the discovery, which is now outstanding.

15         MR. FARBER:  I guess to begin with, that's a

16   mischaracterization of our position about the arbitration

17   agreements.  We have a dispute that I expect will get litigated

18   about whether or not we're entitled to compel arbitration.  In

19   our view these agreements do bind the defendants personally.

20         It is also our view that even if they don't bind them

21   personally, there is a second ground under estoppel by which

22   they would be bound.

23         In terms of the history of what's happened here, our

24   initial -- what we did initially was move to dismiss.  At the

25   time that we did that, we put in our brief a note, a footnote,

1   indicating that pursuant to a Seventh Circuit case, I think it

2   is the Halim case, that we were reserving our right to move to

3   compel arbitration.  But simply filing a motion to dismiss does

4   not waive your right to compel arbitration.

5         We also, I think at the initial scheduling conference

6   we had with your Honor, expressed our position that we thought

7   it appropriate that discovery not go forward pending resolution

8   of the motion to dismiss.  I think your Honor indicated that

9   your view was that simply because you are filing a motion to

10  dismiss doesn't mean a case ought to stop.

11        We filed our motion to dismiss.  We provided our

12  initial disclosures, as your Honor directed.

13        And instead of opposing our motion to dismiss,

14  plaintiffs elected to amend their complaint.  They served us

15  with the amended complaint.  Our time to respond to that, we

16  have -- we agreed on dates for responses -- is later on in

17  August.

18        And in evaluating that, we decided at this juncture

19  that what we wanted to do is to move to compel arbitration.

20        The arguments, and what we related to plaintiffs's

21  counsel, was that in our view if we're moving to compel

22  arbitration, that issue ought to be decided as a threshold

23  issue before discovery goes forward.  And the arguments -- the

24  reasons for staying discovery when you're moving to compel

25  arbitration are different than when you have got a motion to

1  dismiss.  It is the whole issue of who is going to decide the

2  case, who is going to supervise the case.  And if a Court were

3  to have discovery go forward pending resolution on a motion to

4  compel arbitration, we could prevail on that motion and lose

5  much of the benefit of our arbitration rights.  That was the

6  basis for our position.

7        We did have a meet and confer with the plaintiffs.

8  They served their discovery request on us.  I articulated that

9  position.  I nonetheless tried to work out a compromise, having

10  us respond to some of the discovery requests.  I said without

11  prejudice to our position we think they are entitled to none of

12  them.  But we offered to give some response -- to respond to

13  certain of their document requests provided that they would

14  agree that would be the only discovery pending going forward on

15  the motion to compel, but that wasn't acceptable to them.

16        So that's why we are here.  Our view is our motion to

17  compel arbitration ought to be decided first, and that -- and

18  discovery ought to await the outcome of that.

19        THE COURT:  Where is your motion?

20        MR. FARBER:  Well, our date for responding to the

21  complaint -- and what we would do in response to the complaint,

22  what was in our stipulated scheduling order is, I think --

23        MR. FALKENBERG:  August 29th.

24        MR. FARBER:  -- August 29th.

25        If the Court wants, we could file something sooner.

1   That's what the parties had agreed upon and submitted to your

2   Honor.

3           MR. HESSELL:  I just note that that was before they

4   took the position that they were not going to respond to any

5   discovery.  The schedule the briefing schedule for responding

6   to the amended complaint was set prior to that position being

7   stated.

8           And I just note, as your Honor asked, there is no

9   motion to compel arbitration or protective order or stay this

10  case pending before the Court.  So there is no legal basis not

11  to respond to discovery now present.

12          And beyond that, I just note, if they were so

13  interested in preserving the interests of the arbitration

14  agreement and not having this Court speak to issues in this

15  case, they should have moved to compel arbitration at the

16  outset before we produced all of our documents, exchanged

17  initial disclosures --

18          THE COURT:  All right.

19          MR. HESSELL:  -- responded --

20          THE COURT:  I'm going to order the defendant --

21          MR. FARBER:  Can I respond to that, your Honor?

22          THE COURT:  Respond to outstanding written discovery,

23  and then there won't be any further discovery until I decide

24  the motion to arbitrate.

25          Now you have to do -- we all know you do discovery in

1    arbitration anyway, so it is not any different from being in

2    court.  This is going to be done in a respect.  So --

3            MR. FARBER:  Well, your Honor, if I could just make

4    one point.

5            THE COURT:  Go ahead.

6            MR. FARBER:  I did not indicate that we refusing to

7    respond to discovery.  We have outstanding discovery requests,

8    the responses to which are not yet due.

9            We had this meet and confer.  What your Honor said at

10   the last scheduling conference was to see if we could work out

11   a compromise with respect to this.  And we conferred with them

12   and offered to respond to some of the requests.  Some of what

13   they have here, their document requests, and they are not as

14   plaintiffs's counsel has characterized.  Some of them are quite

15   broad.  Some of them are interrogatories which are quite broad.

16           I understand your Honor's point that there is

17   discovery and arbitration.  I would have no problem in

18   providing the type of discovery which I think they would

19   probably get in arbitration, which would be --

20           THE COURT:  Well --

21           MR. FARBER:  -- documents that --

22           THE COURT:  -- respond to the discovery.  And if you

23   have an objection, you can -- you know, on the merits of

24   relevance, you can object.

25           But let me just refer you to the magistrate judge for

1  supervision of this aspect of discovery, which would be the

2  responses to outstanding discovery because I'm going to be away

3  for a while.  So I'll enter this order and put your -- in

4  paragraph F, status hearing will be reset for October 16.

5          And other than that, I think we're okay on this.

6      (Discussion off the record.)

7          THE COURT:  So make it a week earlier.

8          MR. FARBER:  I'm sorry, your Honor.  What is the date

9  that you had in mind?

10         THE COURT:  October 2nd.

11         MR. FARBER:  If I could check my calendar.

12     (Brief interruption.)

13         MR. FARBER:  Your Honor, I have to be in New York that

14  day.  Could we do it a different day?

15         THE COURT:  Okay.  What else do we have here?

16         You were asking for the 21st or 22nd as well.  So

17  let's make it October 21.

18         MR. FALKENBERG:  Your Honor, a quick housekeeping

19  matter.  As far as American Express's motion to dismiss, we

20  previously filed a motion to dismiss as to -- under the statute

21  of limitations grounds.  We are going to move based on our

22  arbitration and statute of limitations.  Can I -- either attach

23  the first motion on statute of limitations as an attachment to

24  the arbitration motion to dismiss so that we don't have to

25  exceed the page limits or ask for 25 pages.

1              Whichever you would prefer.

2              THE COURT:  You have already a pending motion to

3      dismiss?

4              MR. FALKENBERG:  We do, which was mooted by their

5      amended complaint.

6              THE COURT:  I see.  Okay.

7              So you want 25 pages to brief two issues?

8              MR. FALKENBERG:  Yes.  Or we can just attach the --

9              THE COURT:  25 is better than 30.

10             MR. FALKENBERG:  Okay.

11         (Laughter.)

12             MR. FARBER:  Judge, just so I could make sure I

13     understand, we're to respond to the discovery requests.  To the

14     extent that we have objections about particular requests, if we

15     can't work them out with plaintiffs, we're to note them in our

16     responses, and they will be dealt with by the magistrate

17     judge?

18             THE COURT:  Right.  But the objection that this is not

19     relevant to the -- this is not relevant because you're moving

20     to compel arbitration is not what I would consider an

21     appropriate objection.  I'm talking about relevance to the

22     dispute between the parties.  That kind of thing.

23             MR. FARBER:  Well, so -- in other words, your Honor,

24     you're not allowing us to make an objection that it is beyond

25     the scope of discovery that they would get in arbitration, for

1    example.

2            THE COURT:  I'm not going to decide that.

3            MR. HESSELL:  Thank you, your Honor.

4            THE COURT:  I don't know what arbitrators decide -- or

5    let you can discover in particular, so --

6            MR. HESSELL:  But if they intend to assert that

7    same -- back door the objection they made in our meet and

8    confer by saying the scope of discovery in arbitration is going

9    to be less, and then we're just going to be back before the

10   magistrate making the same points, it seems like you have

11   said --

12           THE COURT:  Right.

13           MR. HESSELL:  -- that the fact --

14           THE COURT:  I'm talking about responding to discovery

15   as if this were going forward in federal court.  It is one

16   round of discovery.  This is relevant information.  Maybe

17   you'll settle this case when it comes out.  So I don't believe

18   that we advance this resolution of this dispute at all by

19   slicing and dicing what the difference is between arbitration

20   and federal court litigation.

21           MR. HESSELL:  Thank you.

22           THE COURT:  That's about all I can do to help you.

23           MR. HESSELL:  Thank you, your Honor.

24           MR. FARBER:  Thank you, your Honor.

25       (Which concluded the proceedings in the above-entitled
     matter.)

13

# C E R T I F I C A T E

1

2

3        I hereby certify that the foregoing is a transcript of

4   proceedings before the Honorable Joan Humphrey Lefkow on

5   July 31, 2008.

6   DATED:  August 11, 2008

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| KOSTANTINOS VADEVOULIS, JIM VADEVOULIS, AND PAUL VADEVOULIS,<br><br>              Plaintiffs,<br><br>      v.<br><br>DEUTSCHE BANK AG; DEUTSCHE BANK SECURITIES, INC., d/b/a DEUTSCHE BANK ALEX. BROWN, AND AMERICAN EXPRESS TAX AND BUSINESS SERVICES, INC., n/k/a RSM MCGLADREY LLC,<br><br>              Defendants. | No. 08-C-1251 (LEFKOW) |

**RESPONSES AND OBJECTIONS BY DEFENDANT RSM McGLADREY, INC. (f/k/a AMERICAN EXPRESS TAX AND BUSINESS SERVICES INC.) TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS AND FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendant RSM McGladrey, Inc. (f/k/a American Express Tax and Business Services Inc.) ("TBS") hereby objects and responds to Plaintiffs' First Set of Document Requests and First Set of Interrogatories (the "Requests"):

**GENERAL OBJECTIONS**

1.      TBS objects to the Requests to the extent they seek information or materials protected by the attorney-client privilege, work product privilege and/or any other privilege or immunities from disclosure.

2.    TBS objects to the Requests to the extent they pertain to matters neither relevant to the issues involved in this proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

3.    TBS objects to the Requests to the extent they are vague, overly broad, unduly burdensome and harassing.

4.    TBS objects to the "Definitions and Instructions" set forth in the Requests on the ground that they are not limited in time.

5.    TBS objects to the "Definitions and Instructions" set forth in the Request to the extent that they are vague, ambiguous, overly broad and unduly burdensome.

6.    TBS objects to Definition No. 8 in the Requests on the ground that the term "Son of Boss," defined in such a manner as to encompass "Son of Boss generally and not just the Son of Boss transaction in which plaintiffs participated," is overly broad, unduly burdensome and seeks information and materials not reasonably calculated to lead to the discovery of admissible evidence.

7.    TBS objects to the Requests to the extent that they are redundant or duplicative.

8.    TBS reserves the right to amend and/or supplement this Response as and when additional relevant information or materials become available.

9.    TBS reserves all objections that may be available to it at any hearing or on any motion to the use or admissibility of any material produced. The response to any Request does not constitute an admission by TBS that the Request or the response thereto is relevant to this proceeding or admissible in evidence.

2

NYC:179990.1

10.    Inadvertent disclosure of any material subject to the attorney-client privilege, prepared in anticipation of litigation, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such materials, its subject matter or information contained therein or of TBS's right to object to the use of such material during any later proceeding or otherwise seek return of the material.

## SPECIFIC RESPONSES AND OBJECTIONS

**Document Request No. 1**:

All documents concerning Plaintiff's participation in Son of Boss.

**Response**:

Subject to and without waiving the General Objections set forth above, TBS will produce non-privileged documents, to the extent not already produced, responsive to this Request.

**Document Request No. 2**:

All contracts or agreements between Plaintiff(s) and Defendants concerning the Son of Boss strategy in which Plaintiffs participated.

**Response**:

Subject to and without waiving the General Objections set forth above, TBS will produce non-privileged documents, if any, to the extent not already produced, responsive to this Request.

**Document Request No. 3**:

All correspondence between Plaintiff and Defendants concerning the creation, marketing, or implementation of the son of BOSS strategy in which Plaintiff participated.

3

**Response**:

Subject to and without waiving the General Objections set forth above, TBS will produce non-privileged documents, if any, to the extent not already produced, responsive to this Request.

**Document Request No. 4**:

All documents concerning the creation, marketing, or implementation of Son of Boss generally.

**Response**:

TBS objects to this Request on the grounds that it is overly broad and seeks materials neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 5**:

All documents that concern, show, or relate to any Defendants' participation in Son of BOSS generally.

**Response**:

TBS objects to this Request on the grounds that it is vague, ambiguous, overly broad and seeks materials neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 6**:

Plaintiff's 2000 tax returns and all supporting tax workpapers.

**Response**:

Subject to and without waiving the General Objections set forth above, TBS will produce non-privileged documents, to the extent not already produced, responsive to this Request.

4

**Document Request No. 7**:

All correspondence between Plaintiff and TBS concerning any work TBS did with respect to Plaintiff's 2000 tax return.

**Response**:

Subject to and without waiving the General Objections set forth above, TBS will produce non-privileged documents, to the extent not already produced, responsive to this Request.

**Document Request No. 8**:

Documents that show the scope and extent of Defendants' participation in Son of BOSS generally.

**Response**:

TBS objects to this Request on the grounds that it is vague, ambiguous, overly broad and seeks materials neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 9**:

Documents that identify all employees of Defendants who participated in the creation, marketing, or implementation of Son of BOSS generally.

**Response**:

TBS objects to this Request on the grounds that it is overly broad and seeks materials neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 10**:

Documents that identify all employees of Defendants who participated in the creation, marketing, or implementation of the Son of BOSS strategy in which Plaintiff participated.

5

**Response:**

      Subject to and without waiving the General Objections set forth above, TBS will produce non-privileged documents, if any, responsive to this Request.

**Document Request No. 11:**

      Documents that identify all TBS employees who performed any work or participated with respect to any work TBS did on Plaintiff's 2000 tax returns.

**Response:**

      Subject to and without waiving the General Objections set forth above, TBS will produce non-privileged documents, to the extent not already produced, responsive to this Request.

**Document Request No. 12:**

      All documents relating to Son of Boss that Defendants produced to any governmental committee, government agency, federal or state prosecutor, or private litigant since 2000.

**Response:**

      TBS objects to this Request on the grounds that it is overly broad and seeks materials neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections or the General Objections set forth above, TBS will produce responsive, non-privileged documents, if any, that pertain to Plaintiffs.

**Document Request No. 13:**

      All transcripts since 2000 of trial testimony, hearing testimony, grand jury testimony, depositions, or interviews of any current or former employee of Defendants in which Son of Boss was mentioned, referred to, described, or inquired about.

6

**Response**:

TBS objects to this Request on the grounds that it is overly broad and seeks materials neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections or the General Objections set forth above, TBS will produce responsive non-privileged documents, if any, that pertain to Plaintiffs.

**Document Request No. 14**:

All documents concerning the nature and amounts of compensation Defendants received as a result of Plaintiff's participation in Son of Boss.

**Response**:

TBS objects to this Request on the grounds that it is vague and ambiguous. Subject to and without waiving such objection or the General Objections set forth above, TBS will produce non-privileged documents, if any, responsive to this Request.

**Document Request No. 15**:

All documents concerning the nature and amounts of compensation Defendants received from Son of BOSS generally.

**Response**:

TBS objects to this Request on the grounds that it is overly broad, unduly burdensome and seeks materials neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 1**:

Identify by bates number all written contracts between Plaintiff and Defendants concerning Son of BOSS.

7

**Response**:

TBS objects to this Interrogatory on the grounds that it is vague and ambiguous and, to the extent it seeks information concerning any agreement between Plaintiffs and any party other than TBS, it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections or the General Objections set forth above, TBS will produce any written contracts, if any, between Plaintiffs and TBS concerning Son of BOSS.

**Interrogatory No. 2**:

Describe in detail all oral contracts between Plaintiff and Defendants concerning Son of BOSS.

**Response**:

TBS objects to this Interrogatory on the grounds that it is vague and ambiguous and, to the extent it seeks information on any agreement between Plaintiffs and parties other than TBS, it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections or the General Objections set forth above, TBS states that it is unaware at present of any oral contracts between Plaintiffs and TBS concerning Son of BOSS.

**Interrogatory No. 3**:

Identify by bates number all written agreements that Defendants contend (or may contend) require the mediation and/or arbitration of any claims alleged in the Complaint.

**Response**:

Subject to and without waiving the General Objections set forth above, TBS identifies the following documents by Bates number: DB Vadevoulis 000319-22; DB Vadevoulis 000327-30;

8

DB Vadevoulis 000333-36; DB Vadevoulis 000339-42; DB Vadevoulis 000351-54; DB Vadevoulis

000356-59; DB Vadevoulis 000365-68; DB Vadevoulis 000400-03.

**Interrogatory No. 4**:

> Identify all persons or entities (including governmental entities) to whom Defendants
> have produced documents concerning Son of BOSS.

**Response**:

> TBS objects to this Interrogatory on the grounds that it is overly broad and seeks

materials neither relevant to the issues in this action nor reasonably calculated to lead to the discovery

of admissible evidence.

**Interrogatory No. 5**:

> Identify all current or former employees of Defendants who have been interviewed or
> deposed or testified at trial, before a hearing, or before a grand jury in which Son of
> BOSS was mentioned, referred to, described, or inquired about. Please include the
> name of each witness, each date they testified, and the nature of each proceeding.

**Response**:

> TBS objects to this Interrogatory on the grounds that it is overly broad and seeks

materials neither relevant to the issues in this action nor reasonably calculated to lead to the discovery

of admissible evidence.

**Interrogatory No. 6**:

> Identify the nature and amounts of all compensation Defendants received as a result
> of Plaintiff's participation in Son of BOSS.

**Response**:

> TBS objects to this Interrogatory on the grounds that it is vague and ambiguous.

Subject to and without waiving such objection or the General Objections set forth above, TBS states

9

that information responsive to this Interrogatory will be set forth in documents to be produced to

Plaintiffs pursuant to their Document Request.

**Interrogatory No. 7**:

Identify the nature and amounts of all compensation Defendants received from Son of
BOSS generally.

**Response**:

TBS objects to this Interrogatory on the grounds that it is vague and ambiguous,

overly broad and seeks information neither relevant to the issues in this action nor reasonably

calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 8**:

Identify all employees of Defendants who participated in a tax strategy, including
Son of Boss, and who attempted to or in fact participated in the Internal Revenue
Services amnesty program described in IRS Announcement 2002-2.

**Response**:

TBS objects to this Interrogatory on the grounds that it is overly broad and seeks

information neither relevant to the issues in this action nor reasonably calculated to lead to the

discovery of admissible evidence.

10

Dated:  New York, New York
      August 7, 2008

**ANDREWS KURTH LLP**

By:   *Anju Uchima*
      Lynne M. Fischman Uniman
      Anju Uchima
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212)850-2800
Facsimile: (212) 850-2929

Thomas F. Falkenberg
Williams Montgomery & John, Ltd.
20 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-3240
Facsimile: (312) 630-8540

Attorneys for Defendant RSM McGladrey,
Inc. (f/k/a American Express Tax and
Business Services Inc.)

11

# EXHIBIT 4

**Scott F. Hessell**

| | |
|---|---|
| **From:** | Scott F. Hessell |
| **Sent:** | Monday, August 18, 2008 3:15 PM |
| **To:** | 'Uniman, Lynne'; 'Uchima, Anju' |
| **Cc:** | Adam Merrill |
| **Subject:** | Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs. |

Counsel:

This confirms our meet and confer conversation of August 15, 2008.

TBS will be producing additional responsive documents this week, before Friday.

No documents are currently being withheld on the grounds of attorney-client privilege. And TBS is not withholding documents on the basis of any general objections to the discovery requests.

Generally, TBS will not produce any documents or respond to interrogatory requests that ask for Son of Boss documents "generally."


RFP Nos. 4-5, 8

Although not stated in TBS's written responses/objections, counsel's primary objection discussed on the call was that TBS could not produce documents about Son of BOSS generally because doing so would violate IRC 7216 and the implementing regulations. I noted that there is a protective order in place, and that taxpayer private information could be redacted. TBS responded that such protections were insufficient.

Nonetheless, TBS agrees to search for and produce documents responsive to these requests, so long as the documents do not identify a specific taxpayer client of TBS, and are not prohibited by I.R.C. 7216.

I note that to the extent TBS is refusing to provide documents on the basis of a privilege asserted under the Internal Revenue Code, Plaintiff is entitled to privilege log of the documents being withheld. *See* FRCP 26(b)(5).

RFP No. 9

TBS stands on its objection and will not produce documents that identify employees of either defendant who participated in Son of BOSS generally.

RFP No. 12

TBS stands on its objections and will not produce documents responsive to RFP No. 12.

RFP No. 13

TBS stated that it has no documents responsive to request no. 13 in that no Amex/TBS employees have given transcribed testimony relating to Son of BOSS. In light of this statement, plaintiffs have no need to purse this request any further.

RFP No. 15

TBS stands on its objection.

Interrog. No. 1

TBS agrees to amend its answer to state that it is unaware of any written contracts between Plaintiffs and TBS concerning Son of BOSS.

Interrog. Nos. 4, 5, 7

TBS stands on objection as discussed in RFP responses.

Please advise if I have misstated anything from our conversation. This email confirms that the parties have, in good faith, attempted to resolve their differences concerning the above discovery disputes, consistent with their obligations under Local Rule 37.2.


Two followup points: We still have not received a certificate of service for the discovery requests or a verification of TBS's interrogatory responses. Please provide such documents. Also, I am following up on your request regarding additional documents from plaintiffs.

Scott


**Scott F. Hessell, Esq.**
Sperling & Slater, P.C.
55 West Monroe, Suite 3200
Chicago, IL 60603
T: (312) 641-4882
F: (312) 641-6492

---

**From:** Uchima, Anju [mailto:AnjuUchima@andrewskurth.com]
**Sent:** Friday, August 15, 2008 9:22 AM
**To:** Scott F. Hessell
**Cc:** Uniman, Lynne
**Subject:** RE: Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

We'll call you.

---

**From:** Scott F. Hessell [mailto:SHessell@sperling-law.com]
**Sent:** Friday, August 15, 2008 10:10 AM
**To:** Uchima, Anju
**Subject:** RE: Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

You want to call me? 312 641 4882

---

**From:** Uchima, Anju [mailto:AnjuUchima@andrewskurth.com]
**Sent:** Tuesday, August 12, 2008 4:03 PM
**To:** Scott F. Hessell; Uniman, Lynne; Adam Merrill; tff@willmont.com
**Subject:** RE: Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

How about Friday at 11:00 am Eastern?

---

**From:** Scott F. Hessell [mailto:SHessell@sperling-law.com]
**Sent:** Tuesday, August 12, 2008 4:49 PM
**To:** Uniman, Lynne; Adam Merrill; Uchima, Anju; tff@willmont.com
**Subject:** Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

Counsel:

We received TBS's responses to Plaintiffs' RFPs/Interrogs today, by mail. In the future, as a courtesy, we propose serving non-ECF filed matters like discovery/discovery responses via email (or personal service); this way we can avoid the USPS delays. I note that the responses were received without a certificate of service, and that the interrogatories lacked a verification; both oversights I'm sure.

In addition, please advise if you are available Thursday or Friday of this week for a meet and confer to address TBS's objections/responses to RFP Nos. 4, 5, 8, 9, 12, 13 and 15, and Interrog. Nos. 1, 4, 5, 7, and 8. I suspect we may have already touched on these issues last time but consistent with Local Rules, we would like to see whether compromise is possible.

In advance of the meet and confer, I'd like to address a few preliminary matters to make the call more efficient:

1. When will we receive additional responsive documents TBS agreed to provide in the written responses.

2. Confirm that TBS is not withholding any documents/information on the basis of any privilege. If so, please provide a privilege log supporting such assertions.

3. Confirm that TBS is not otherwise withholding any documents/information on the basis of any of its general objections.

Thanks

Scott

**Scott F. Hessell, Esq.**
Sperling & Slater, P.C.
55 West Monroe, Suite 3200
Chicago, IL 60603
T: (312) 641-4882
F: (312) 641-6492

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

--
This message has been scanned for viruses and
dangerous content by **MailScanner**, and is
believed to be clean.
Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

--
This message has been scanned for viruses and
dangerous content by **MailScanner**, and is
believed to be clean.

# EXHIBIT 5

**Scott F. Hessell**

| | |
|---|---|
| **From:** | Scott F. Hessell |
| **Sent:** | Thursday, August 21, 2008 10:54 AM |
| **To:** | 'Uchima, Anju'; tff@willmont.com |
| **Cc:** | 'Uniman, Lynne'; Adam Merrill |
| **Subject:** | RE: Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs. |

Counsel

Having received no response to my conversation with Tom yesterday, I am writing to confirm that TBS is now refusing to produce any of the documents it agreed to produce in its document request responses (RFP Nos. 1, 2, 3, 6, , 7, 10, 11, & 14) as well as the additional documents described below that TBS agreed to search for and produce in our meet and confer on Monday. Further, TBS is also refusing to produce such documents by the end of this week as it had agreed in the meet and confer.

TBS's position is in violation of the Court's August 5 Minute Entry Order [Doc. No. 30] and the Court's ruling on the record that:

> "I'm going to order the defendant[s] . . . [to r]espond to outstanding written discovery, and then there won't be any further discovery until I decide the motion to arbitrate. Now you have to do -- we all know you do discovery in arbitration anyway, so it is not any different from being in court. . . . [T]he objection that this is not relevant to the -- this is not relevant because you're moving to compel arbitration is not what I would consider an appropriate objection. . . . I'm talking about responding to discovery as if this were going forward in federal court. It is one round of discovery. This is relevant information. Maybe you'll settle this case when it comes out. So I don't believe that we advance this resolution of this dispute at all by slicing and dicing what the difference is between arbitration and federal court litigation." 7/31/08 Trans. 8-12.

Absent clarification of TBS's position before the close of business today, Plaintiffs will move to compel compliance with the Court's Order tomorrow.

Scott

**Scott F. Hessell, Esq.**
Sperling & Slater, P.C.
55 West Monroe, Suite 3200
Chicago, IL 60603
T: (312) 641-4882
F: (312) 641-6492

**From:** Scott F. Hessell
**Sent:** Monday, August 18, 2008 2:03 PM

**To:** 'Uchima, Anju'
**Cc:** Uniman, Lynne
**Subject:** RE: Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

Counsel:

This confirms our meet and confer conversation of August 15, 2008.

TBS will be producing additional responsive documents this week, before Friday.

No documents are currently being withheld on the grounds of attorney-client privilege or do to any of TBS's general objections to the discovery requests.

Generally, TBS will not produce any documents or respond to interrogatory requests that ask for Son of Boss documents "generally."


RFP Nos. 4-5

TBS agrees to search for and produce documents responsive to these requests, so long as the documents do not identify a specific taxpayer client of TBS, and were provided in connection with the preparation of tax returns for that client as prohibited by I.R.C. 7216.


**From:** Uchima, Anju [mailto:AnjuUchima@andrewskurth.com]
**Sent:** Friday, August 15, 2008 9:22 AM
**To:** Scott F. Hessell
**Cc:** Uniman, Lynne
**Subject:** RE: Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

We'll call you.


**From:** Scott F. Hessell [mailto:SHessell@sperling-law.com]
**Sent:** Friday, August 15, 2008 10:10 AM
**To:** Uchima, Anju
**Subject:** RE: Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

You want to call me? 312 641 4882


**From:** Uchima, Anju [mailto:AnjuUchima@andrewskurth.com]
**Sent:** Tuesday, August 12, 2008 4:03 PM
**To:** Scott F. Hessell; Uniman, Lynne; Adam Merrill; tff@willmont.com
**Subject:** RE: Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

How about Friday at 11:00 am Eastern?


**From:** Scott F. Hessell [mailto:SHessell@sperling-law.com]
**Sent:** Tuesday, August 12, 2008 4:49 PM
**To:** Uniman, Lynne; Adam Merrill; Uchima, Anju; tff@willmont.com
**Subject:** Vadevoulis et al v. Deutsche Bank AG et al: TBS's Responses to Pls' RFPs and Interrogs.

Counsel:

We received TBS's responses to Plaintiffs' RFPs/Interrogs today, by mail. In the future, as a courtesy, we propose serving non-ECF filed matters like discovery/discovery responses via email (or personal service); this way we can avoid the USPS delays. I note that the responses were received without a certificate of service, and that the interrogatories lacked a verification; both oversights I'm sure.

In addition, please advise if you are available Thursday or Friday of this week for a meet and confer to address TBS's objections/responses to RFP Nos. 4, 5, 8, 9, 12, 13 and 15, and Interrog. Nos. 1, 4, 5, 7, and 8. I suspect we may have already touched on these issues last time but consistent with Local Rules, we would like to see whether compromise is possible.

In advance of the meet and confer, I'd like to address a few preliminary matters to make the call more efficient:

1. When will we receive additional responsive documents TBS agreed to provide in the written responses.

2. Confirm that TBS is not withholding any documents/information on the basis of any privilege. If so, please provide a privilege log supporting such assertions.

3. Confirm that TBS is not otherwise withholding any documents/information on the basis of any of its general objections.

Thanks

Scott

**Scott F. Hessell, Esq.**
Sperling & Slater, P.C.
55 West Monroe, Suite 3200
Chicago, IL 60603
T: (312) 641-4882
F: (312) 641-6492

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written

communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

\-\-

This message has been scanned for viruses and
dangerous content by **MailScanner**, and is
believed to be clean.
Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

\-\-

This message has been scanned for viruses and
dangerous content by **MailScanner**, and is
believed to be clean.

**Scott F. Hessell**

| | |
|---|---|
| **From:** | Leavitt, Lisa [LLeavitt@andrewskurth.com] on behalf of Uniman, Lynne [LUniman@andrewskurth.com] |
| **Sent:** | Thursday, August 21, 2008 4:32 PM |
| **To:** | Scott F. Hessell |
| **Cc:** | tff@willmont.com; Uchima, Anju |
| **Subject:** | Vadevoulis |

Dear Scott:

I apologize for not being able to call you yesterday, but I was unavailable. I trust that you understand the reason for our filing the motion for a protective order. We need to ensure that our client does not prejudice its right to seek arbitration by participating in discovery. Therefore, we believe that we have no alternative under the law other than to await a decision on that motion before engaging in any further discovery which includes the matters we discussed on August 15.

Treasury Circular 230 Disclosure - To comply with requirements imposed by the Internal Revenue Service, we inform you that any tax advice contained in this written communication (including any attachment) is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed on the person. If this written communication contains any tax advice that is used or referred to in connection with the promoting, marketing or recommending of any transaction(s) or matter(s), this written communication should be construed as written to support the promoting, marketing or recommending of the transaction(s) or matter(s) addressed by this written communication, and the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. No limitation has been imposed by Andrews Kurth LLP on disclosure of the tax treatment or tax structure of the transaction(s) or matter(s).

--
This message has been scanned for viruses and dangerous content by **MailScanner**, and is believed to be clean.