

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOSTANTINOS VADEVOULIS, JIM VADEVOULIS, AND PAUL VADEVOULIS, <br><br>    Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK AG; DEUTSCHE BANK SECURITIES, INC., d/b/a DEUTSCHE BANK ALEX. BROWN, AND AMERICAN EXPRESS TAX AND BUSINESS SERVICES, INC., n/k/a RSM MCGLADREY LLC, <br><br>    Defendants. | Case No. 08-C-1251 <br> Hon. Joan H. Lefkow |

**AGREED CONFIDENTIALITY STIPULATION AND
PROTECTIVE ORDER BETWEEN PLAINTIFFS AND
DEFENDANT AMERICAN EXPRESS TAX AND BUSINESS
SERVICES INC. (n/k/a RSM McGLADREY)**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties to this litigation through their respective counsel, that, in connection with discovery in this action, whether conducted informally or pursuant to the Federal Rules of Civil Procedure, any documents or information, including all copies, excerpts, and summaries thereof (collectively, "Material"), designated as "Confidential" by a party shall be used, shown or disclosed only as follows:

1. The term "Designating Party" as used herein shall mean the person who produces the Material. The term "Receiving Party" as used herein shall mean the person to whom the Material is produced.

2. Any party or other person may designate any Material produced voluntarily or provided in response to a request for documents and information, subpoena,

or informal request, as "Confidential" if such party or person in good faith believes that such Material contains confidential, proprietary, or commercially sensitive information of the Designating Party or any other party to this action requiring the protections provided in this Stipulation and Protective Order ("Confidential Material"). Such designation may be made at any time, but in the event that the designation is not made at or before the time when the Material is provided, the terms of this Stipulation and Protective Order shall only apply subsequent to the designation.

3. The restrictions and obligations set forth herein relating to Confidential Material shall not apply to any information which: (a) is already public knowledge or otherwise in the public domain, (b) has become public knowledge or enters the public domain other than as a result of disclosure in violation of this Stipulation and Protective Order or (c) has come or shall come into a Receiving Party's legitimate possession from sources other than the Designating Party and the Receiving Party is not aware that the information was obtained in violation of a court order or confidentiality agreement applicable to the Material.

4. Confidential Material shall be designated as follows:

    a) In the case of documents, designation shall be made by placing the legend "Confidential" on each page of such documents prior to production.

    b) In the case of depositions, designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within ten (10)

business days after receipt of the transcript of the deposition. Pending the expiration of such ten-day period, transcripts shall be treated as Confidential Material in their entirety. If a Confidential designation is made, the court reporter shall be directed to place the appropriate legend on the cover of the transcript and on all portions of the transcript designated as "Confidential" (the parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further order of the Court).

5. All pleadings, motions or other papers filed with the Court that contain or refer to Confidential Material may be filed and kept under seal pursuant to the procedures specified in the Local Rules of the United States District Court for the Northern District of Illinois and the Court's individual rules. No document treated as confidential under this Protective Order may be filed under seal with the Court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal. A party who is granted leave to file a document under seal, must file a redacted copy of the document for the public file. A copy of the redacted version must be submitted along with the motion for leave to file.

6. Confidential Material shall be made available only to "Qualified Persons."

7. "Qualified Persons," as used herein, means the parties, the officers and employees of the parties who are involved in this action, the Court, Court personnel, court reporters employed in connection with this action, counsel of record, all attorneys and

paralegals at any law firm employing any counsel of record, witnesses and their counsel, experts and consultants employed by the parties or counsel in connection with this action, and paraprofessional, stenographic and clerical employees employed by and assisting any of the foregoing individuals. Any other person may be deemed a Qualified Person with the written agreement of all parties.

8. If any party objects to the designation of any Material as Confidential Material, such party shall state all objections in a letter (or by electronic mail) to counsel for the Designating Party. The parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement, the Designating Party shall, in consultation with the Receiving/Objecting Party, submit the dispute to the Court for resolution, and the Designating Party shall have the burden of proving the Material's confidentiality. Until an objection has been resolved by agreement of counsel or by order of the Court, the Material shall be treated as Confidential Material and subject to this Stipulation and Protective Order.

9. Confidential Material may be used only in this action, and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons. In the event that any Qualified Person herein desires to disclose any Material designated as Confidential to anyone other than a Qualified Person, or to use or disclose such Material in any other case or circumstance outside of this action, such disclosure shall be strictly prohibited unless the Qualified Person desiring such disclosure first obtains written consent thereto from the Designating Party.

10. If Confidential Material is sought by means of a subpoena, document request or other form of demand or request by any court, administrative or legislative body, or any other person purporting to have authority to subpoena or otherwise request or demand such information, the party to whom the subpoena, request or demand is directed shall give written notice thereof by facsimile or email (including the delivery of a copy thereof) to counsel for the Designating Party within five (5) days after the receipt of the subpoena, request or demand. In the event that the subpoena, request or demand purports to require production of such Confidential Material on less than seven (7) days notice, the party to whom it is directed shall give immediate telephonic notice of the receipt thereof, and forthwith deliver a copy thereof to the Designating Party's attorneys by hand, e-mail or facsimile. The party receiving the subpoena, request or demand shall, to the extent permitted by law, object and withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

11. Nothing herein shall impose any restrictions on the disclosure of Confidential Material by a party or a witness in response to subpoenas or requests from the Securities and Exchange Commission ("SEC"), the New York Stock Exchange ("NYSE"), the National Association of Securities Dealers, Inc. ("NASD"), or any other self-regulatory organization or governmental agency, including without limitation, the United States Department of Justice. If the production of Confidential Material is made pursuant to this Paragraph, the party to whom the request has been made shall notify the other party promptly, except where prohibited by law or where confidentiality is requested by the self-regulatory organization or government agency.

12. Each person, excluding counsel of record, being given access to Confidential Material pursuant to Paragraph 7, shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulation and Protective Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of this Stipulation and Protective Order may be grounds for a party to seek sanctions from the Court.

13. Upon request by the Designating Party, within thirty (30) days after the conclusion of this case, all persons having received Confidential Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Material and certify that fact to counsel for the party from whom the Confidential Material was obtained, in which case the Designating Party will be obligated to retain a copy of all Confidential Material for a period of five (5) years. Counsel for the parties in this action shall be entitled to retain copies of submissions to the Court, transcripts and attorney work product (including discovery material containing Confidential Material), provided that such counsel, and employees of such counsel, shall not disclose such submissions, transcripts or attorney work product to any person except pursuant to court order, agreement with the party that produced the Confidential Material, or pursuant to the provisions of Paragraphs 10 and 11 hereof All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

14. If, at any time after producing a document or information, the Designating Party determines that certain Material should have been designated as

Confidential, the Designating Party shall promptly provide a replacement copy of the Material bearing a Confidential designation to the Receiving Party, at which time the Material will be deemed Confidential. The Receiving Party shall promptly return the undesignated Material (and all copies thereof) that is in its possession, custody or control to the Designating Party or destroy such material after receiving the replacement copy.

15. Notwithstanding any provision contained herein, no provision of this Stipulation and Protective Order shall be deemed to expand or restrict the scope of discovery that may be ordered by the Court. Nothing in this Stipulation and Protective Order shall be deemed to limit or modify any party's other confidentiality obligations, including but not limited to any obligations to maintain the confidentiality of another party's financial or other information.

16. It is the present intention of the parties hereto that the provisions of this Stipulation and Protective Order shall govern discovery in this action. Nevertheless, all parties hereto shall be entitled to seek modification of this Stipulation and Protective Order by agreement or, if agreement cannot be reached, by application to the Court on notice to all parties hereto for good cause.

17. Nothing in this Stipulation and Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

18. No disclosure of Material shall be deemed a waiver of any claim of confidentiality outside of this action.

19. This Stipulation and Protective Order may be executed in counterparts.

20. The terms of this Stipulation and Protective Order shall survive any final disposition of this action.

Dated: August 4, 2008

    SPERLING & SLATER

By:   /s/ Adam P. Merrill
      Adam P. Merrill
      55 West Monroe Street, Suite 3200
      Chicago, Illinois 60603
      Telephone: (312) 641-3200
      *Attorneys for Plaintiffs Konstantinos Vadevoulis, Jim Vadevoulis and Paul Vadevoulis*

Dated: August 4, 2008

    ANDREWS KURTH LLP

By:   /s/ Lynne M. Fischman Uniman
      Lynne M. Fischman Uniman
      450 Lexington Avenue, 15th Floor
      New York, New York 10017
      Telephone: (212) 850-2800
      *Attorneys for Defendants American Express Tax and Business Services Inc., n/k/a RSM McGladrey, Inc.*

SO ORDERED this 28 day of AUGUST, 2008

AUG 28 2008

Judge Joan H. Lefkow
United States District Judge

-8-